## MUNSON *vs.* ATWOOD.

In an action brought on the statute (Rev. Stat., tit. 6, § 44,) to recover treble value for property feloniously taken, the court below held that it was not enough for the plaintiff to produce evidence sufficient for a recovery in an ordinary civil action, but that he was bound to prove the felonious taking " beyond a reasonable doubt, in the same manner as in a criminal prosecution." Upon motion of the plaintiff a new trial was granted.

ACTION for feloniously taking and carrying away two steers of the plaintiff, brought upon the statute, (Rev. Stat., tit. 6, § 44,) which provides that every person who shall feloniously take the property of another " shall forfeit and pay to the owner of the property so stolen treble the value thereof, to be recovered by action founded on this statute." The case was tried upon the plea of not guilty, closed to the court. On the trial the plaintiff claimed that he had produced evidence reasonably sufficient to prove the truth of the allegations in his declaration, and claimed that he was bound by the rules of law to prove his allegations only by a preponderance of evidence, in the same manner as if the action was a simple action of trespass for taking the cattle.

The defendant claimed that the law was so that the plaintiff was bound to prove the facts alleged in his declaration, so far as the stealing of the cattle was concerned, beyond a reasonable doubt, in the same manner as in a criminal prosecution, in order to entitle him to recover. The court was of opinion

that the law was as claimed by the defendant, and being of the opinion that the plaintiff had not proved the allegations of his declaration, so far as the stealing of the cattle by the defendant was concerned, beyond a reasonable doubt, but on the contrary fell short of it, and holding that the rule of law required him to do so in this case, decided that the plaintiff was not entitled to recover. The plaintiff moved for a new trial.

*Hubbard* and *H. B. Munson*, in support of the motion, cited 1 Swift Dig., 585 ; 1 Greenl. Ev., § 537 ; 2 id., §§ 40, 461, 462 ; 3 id., § 29 ; *State* v. *Boswell*, 6 Conn., 446 ; *People* v. *Humphrey*, 7 Johns., 314.

*Webster*, with whom was *Gillette*, contra, cited 1 Greenl. Ev., § 65 ; 2 id., § 426 ; *Salisbury* v. *The State*, 6 Conn., 101.

ELLSWORTH, J. This is an action on the statute, to recover treble damages for a felonious taking and carrying away of the plaintiff's cattle. It is not trespass for single damages, though such an action would have lain, and perhaps under the declaration as it is single damages could have been recovered had the plaintiff made that claim below, but this he did not do. He appears to have made his claim on the statute only, and in the circumstances we can not regard the judge as having committed an error in not allowing single damages, even if they could have been recovered. The common law right does not appear to have been urged on the trial. The trial proceeded on the idea that, inasmuch as treble damages could be recovered only on proof of a felonious taking, such a taking must be made out in the same manner as if it was a public prosecution, and that the technical rules of law, if any there be, peculiar to criminal trials, must be applied to the evidence.

Whether there be any rule thus peculiar to criminal trials, and if so what it is, and what it requires, seems not to have been questioned by any one, the parties or the court ; it was *assumed* to exist, but the plaintiff insisted that it was not ap-

plicable to this case, because this was a civil action. The defendant insisted that it was applicable to the case, inasmuch as the proceeding, though in form civil, was substantially criminal in its nature, involving a charge of crime, and requiring, for a recovery by the plaintiff, proof that the defendant was guilty of a crime. The judge adopted the view of the defendant, and acting upon the rule found the defendant not guilty.

Here I think the judge was in error, and not improbably he reached a different result in his disposition of the case from what he otherwise would have done. He does not tell us what would otherwise have been his conclusion upon the case, and it is not for us to indulge in speculation on the subject. At all events he had no right to impose upon his deliberations the stringent rule which he adopted as a rule of the criminal law. It is true that the issue was tried by the court, but this circumstance can make no difference on this point. If it is correct law for one tribunal it is for another, and what is done to-day by a judge can be done by a jury to-morrow. The precedent, if essentially a wrong one, will become dangerous on future trials.

Had the judge found the issue for the defendant because upon the whole evidence he was not satisfied of the defendant's guilt, there would have been no ground of complaint, but instead of this, in considering the evidence he did not treat the inquiry as in a civil but criminal case, and would not allow himself to decide upon any balance of proof even though on the whole it might be satisfactory to his mind. He held that a reasonable doubt should prevail, as if the defendant had been on trial for his liberty or his life. Doubtless in all cases the affirmative must be satisfactorily made out by proof, except where the affirmative is presumed as matter of law ; a satisfaction which is the result of a careful conscientious examination of evidence, for so much is always required in all cases, civil and criminal ; but in prosecutions involving life and liberty it behooves triers to examine the evidence with extreme care, and to weigh it with jealous scales, so as to avoid all danger of a wrong conclusion upon the proof. To a cer-

Munson *v.* Atwood.

tain extent this is otherwise, as I regard it, in civil causes, where the damages sustained must be borne by one or the other of the litigant parties. There a greater latitude is allowed and rules less stringent are adopted, and the balance of proof is sufficient often for a verdict, and not unfrequently is all that can be obtained by the party.

In criminal trials the juror's oath is to make a true deliverance between the state and the prisoner at the bar, and I think he may well find in favor of the prisoner if there is a reasonable doubt of his guilt, though circumstances or other evidence be of much force against him. A distinction of this character I am persuaded has often been recognized by our judges, and followed as unquestioned law in their charges to the jury in criminal trials. I have often heard it declared, and have not hesitated to apply it whenever the case required it. How common is it to say to a jury, that if there be a reasonable doubt of the prisoner's guilt he is entitled to the benefit of the doubt ? But who ever heard of such a suggestion to a jury in a civil case ? And the distinction is founded, I can not but think, in humanity and wisdom. If a verdict is about to turn, in a criminal case, upon the credit of a particular witness, a witness who has been somewhat impeached but yet whose evidence is corroborated by circumstances of more or less weight, is it not a dictate of humanity and wisdom to instruct the jury to see that their minds are free from all reasonable doubt, and that a balance of evidence is not enough to warrant a verdict of guilt ? Well may we ask if the scruple of an honest and pains-taking juror is to be disregarded in such a case ; and yet it might not be allowable in a civil trial, where damages only are sought to be recovered, and where one of the parties must bear the loss. Is there not a manifest difference in the cases as to the responsibility resting upon the jurors ? Is not the life of a man of more account than the value of his dog or his horse ? And is a doubt or a hesitancy in a trial involving the former to be of no more avail than in a trial involving the latter ? While I admit that all causes should be thoroughly examined and well considered, whether criminal or civil, yet the verdict in the one class of cases may, I think, be affected by prin-

ciples somewhat different in their application from those which affect the other. There can hardly be a contested criminal trial, which rests upon circumstantial evidence, where this rule must not, it seems to me, be applied in favor of the prisoner.

However, it must not be understood that, by the distinction I have stated, I advocate the doctrine that a possible doubt in a criminal trial will justify an acquittal—a notion sometimes taken up by triers. I only say that an honest hesitancy in view of the evidence may prevail against a balance of evidence in the trial of crimes, which need not prevail in civil actions. I need not multiply authorities in support of these views. It is believed that the books are well nigh uniform in the views which they present upon the subject. Starkie, in his treatise on evidence, says : "Evidence which satisfies the minds of the jury of the truth of the fact in dispute, to the entire exclusion of reasonable doubt, constitutes full proof of the fact; even the most direct evidence could do nothing more than produce such a high degree of probability as amounts to moral certainty. From the highest degree it may decline by an infinite number of gradations, until it produce in the mind nothing more than a mere preponderance of assent in favor of the particular fact. The distinction between full proof and mere preponderance of evidence is in its application very important. In all criminal cases whatever it is essential to a verdict of condemnation that the guilt of the accused should be fully proved. Neither a mere preponderance of evidence nor any weight of preponderant evidence is sufficient for the purpose, unless it generate full belief of the fact to the exclusion of all reasonable doubt. But in many cases of a civil nature where the right is dubious and the claims of the contesting parties are supported by evidence nearly equipoised, a mere preponderance of evidence on either side may be sufficient to turn the scale." 1 Stark. Ev., 478.

As I have already said, the judge adopted the rule he did because the issue on trial involved a felonious taking—an act which might have been prosecuted by the state. But this can, I think, make no difference. It is a civil cause still and

must be treated as such throughout. The right to treble damages does not alter its nature, though I admit there are cases and dicta of jurists which are to the contrary. In *crim. con.*, in actions for seduction, and in petitions for divorce for adultery or other criminal conduct, the crime is of course to be proved, if the plaintiff expects to succeed; still the proceedings are not criminal, nor do the cases fall within that classification for any purpose whatever. A discreet judge however will take care that the jury, where the case is tried by a jury, are properly cautioned in weighing the evidence and disposing of the case.

After all I may not be able to lay down an exact rule to govern judges or jurors in all cases; and such a rule if attainable is not called for, nor is it desirable. Artificial rules in estimating evidence are of uncertain value. In civil cases an honest belief, a belief which results from a careful, diligent investigation of the proof, is all that is to be expected, and such belief must be satisfactory if courts of justice are to accomplish any thing in the trial of causes.

In criminal trials we can approximate somewhat to definite and satisfactory rules. The accused is presumed to be innocent until he is proved to be guilty, and that presumption is to influence the minds of the triers throughout the investigation, notwithstanding all the evidence to the contrary, until on the whole there does not remain a reasonable doubt in the mind of his guilt. If a reasonable doubt remains after all that can be said, it is better and safer to let the prisoner go free than to convict him under such circumstances.

The majority of us are of opinion that a new trial of the case should be granted, though we are not entirely agreed in our views as to the general principle involved. The views which I have here expressed are given only as my own, though I have arrived at them after much consideration.

HINMAN, J. I concur in advising a new trial, on the ground that the superior court adopted an artificial rule in weighing the evidence, by which something more than satisfactory evidence of the defendant's guilt was required of the

---

---

plaintiff, in order to make out his case. But I do not concur in the view that there is in law any distinction between civil and criminal causes, in respect to the amount of evidence which ought to be required by a court or jury in order to find a fact. I suppose that in all cases not otherwise regulated by statute, the evidence of one credible witness, or other evidence equivalent thereto, is sufficient to satisfy the mind of the truth of a fact, and that when the mind is thus satisfied there can of course be no reasonable doubt of the truth of the disputed fact, because all the evidence of its truth has been produced which the law considers necessary ; and when the mind is once satisfied there is no room for any reasonable doubt, as such a doubt must of necessity imply that the mind is not satisfied, either because the witness is not believed, or because his story is itself incredible, or because there is contradictory evidence going to disprove the fact and thus rendering it doubtful.

STORRS, C. J., concurred in advising a new trial, but as he died soon after the decision of the case and before either of the foregoing opinions were written, it is not known what were his particular views.

SANFORD, J., dissented.