CAROLINE A. KNOWLES, complainant, *vs.* PHILIP P. SCRIBNER.

In the trial of civil causes the court will not first determine whether the facts stated in the plaintiff's declaration constitute a criminal offense, and then require of the plaintiff more or less evidence according to the conclusion reached.

In the trial of a declaration in bastardy charging a married man with being the father of the child, the complainant is not required to establish the respondent's guilt beyond a reasonable doubt.

ON EXCEPTIONS.

COMPLAINT under the bastardy act, charging the respondent, who is a married man, with being the father of the child.

At the trial the complainant contended that this is a civil proceeding, and that the rules of evidence applicable in the trial of civil actions should be applied to this case.

The presiding judge charged the jury, *inter alia*, as follows:

" In the cases which have come before you, you have predicated your verdict for the plaintiff upon a simple preponderance of testimony. Something more is required in this case. It is a' suit which charges the defendant with crime, he being a married man ; and before you can return a verdict for the complainant, you must be satisfied, beyond a reasonable doubt, of the fact of his guilt ; and you will require at the hands of the complainant the same amount of

proof that you would require at the hands of the State, if he were on trial upon an indictment for adultery."

The jury returned a verdict of not guilty, and the complainant alleged exceptions.

*A. F. Watson*, for the complainant.

*E. K. Boyle*, for the respondent.

WALTON, J. Since the decision in *Thayer* v. *Boyle* (30 Maine, 475), in which the defendant was charged with willfully and maliciously setting fire to the plaintiff's barn, and in which it was held, that an instruction to the jury that "they should decide upon the balance of testimony, as in other civil cases, and that the defendant was not entitled to a verdict in his favor upon merely raising a reasonable doubt, as would be the case in a criminal prosecution," was not so favorable as the defendant had a right to require; it has been assumed, that in all civil suits in which the cause of action implies an offense against the criminal law, the defendant has a right to have the jury instructed, that the truth of the allegations must be proved beyond a reasonable doubt, to entitle the plaintiff to a verdict. In other words, that the court must first determine whether the facts stated in the plaintiff's declaration constitute a criminal offense, and then to require of the plaintiff more or less evidence according to the conclusion reached.

Such a course of proceeding is clearly wrong. It is as unreasonable to require a civil suit to be determined by the rules of evidence applicable to a criminal prosecution, as it would be to require a tailor to measure A., when he is going to make a suit of clothes for B. The measure of proof must be determined by the character of the issue being tried, and not by the character of an issue which is not being tried. If the measure of proof is the same in the two cases, such a proceeding is useless; it burdens and distracts the attention to no purpose. If the measure of proof is not the same, it is pernicious; it is a misapplication of the rules of evidence, and confounds and destroys the distinction between the two classes of cases.

Knowles *v.* Scribner.

The amount of evidence required must depend, in a great measure, upon the character of the issue to be tried. If there are no opposing presumptions, a mere preponderance of evidence, however slight, must necessarily turn the scale ; as in the familiar example, where the question between the owners of adjoining lots was whether a particular tree, near the dividing line, was on the land of the one or the other. But where.there is an opposing presumption, a mere preponderance of evidence is not sufficient. The strength of the preponderating evidence must be in proportion to the strength of the presumption to be overcome. Or, perhaps, it is more accurate to say, that there is no preponderance unless the evidence is sufficient to overcome the opposing presumptions as well as the opposing evidence. Thus, the proof must be stronger to support a charge of willful and malicious burning, than one of negligent burning merely ; for there are many more careless persons than there are malicious ones, and the presumption of innocence to be overcome in the one case, is much stronger than it is in the other. " It is well understood," says Judge Swift, in his work on Evidence (page 151), " that a jury will not require so strong proof to maintain a civil action, as to convict of a crime ; and that in criminal prosecutions, the greater the crime the stronger must be the proof." And Mr. Best, in his work on Presumptions, § 190, says : " As in criminal trials, the interests at stake are greater, and the consequences of an erroneous decision infinitely more serious, a higher degree of assurance is required than in civil proceedings." Mr. Greenleaf, in his work on Evidence (vol. 1, § 13 *a*), says : " In civil cases, where the mischief of an erroneous conclusion is not deemed remediless, it is not necessary that the minds of the jurors be freed from all doubt ; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth : but in criminal cases, because of the more serious and irreparable nature of the consequences of a wrong decision, the jurors are required to be satisfied, beyond any reasonable doubt, of the guilt of the accused, or it is their duty to acquit him ; the charge not being proved by that higher degree of

evidence which the law demands." Roscoe, Philips, and Starkie are authorities to the same effect. In fact, we are not aware of any writer on the law of evidence that lays down a contrary doctrine. In the third volume of his work on Evidence (section 29), Mr. Greenleaf again says : " A distinction is to be noted between civil and criminal cases, in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases, it is their duty to weigh the evidence carefully, and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt. But in criminal trials, the party accused is entitled to the benefit of the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor. Neither a mere preponderance of evidence, nor any weight of preponderant evidence is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt." We do not think the rule, in either class of cases, is here stated very accurately ; for a mere preponderance of evidence is not always sufficient, in civil suits, unless, as before remarked, we include in the opposite scale the presumptions, if any, against the truth of the proposition in controversy, as well as the opposing evidence ; and the rule for criminal cases is encumbered with too many expletives to give a clear idea of the measure of proof required. But the statement is sufficiently accurate for the object the writer had in view, namely, to show that there is a clear and well-settled distinction between civil and criminal cases with respect to the degree of assurance required to found a verdict upon.

In the suit now under consideration, the defendant is charged with being the father of a bastard child, of which the plaintiff had been delivered. The object of the suit is to compel the defendant to contribute toward the support of the child; and its determination will be followed by no penal consequences. It is well settled, that such a prosecution is simply a civil and not a criminal proceeding. It was, therefore, the right of the plaintiff to have it tried according to the rules of evidence applicable to civil suits. But the presiding

judge instructed the jury, that "it was a suit which charged the defendant with crime, he being a married man; that before they could return a verdict for the complainant, they must be satisfied beyond a reasonable doubt of the fact of his guilt; that they would require, at the hands of the complainant, the same amount of proof that they would require at the hands of the State, if he were on trial upon an indictment for adultery." The same amount of proof as if the defendant was on trial for adultery. Did the presiding judge mean to have the jury understand that it was necessary for the plaintiff to prove, that at the time the child was begotten, the defendant was a married man, and had a lawful wife then alive?" Or, that she was a married woman, and had a lawful husband alive? Of course, he did not mean to have them so understand. And yet, in endeavoring to comply with the erroneous practice that has been gaining ground, of measuring the amount of proof necessary to maintain the suit, being tried by the amount necessary to maintain another and a different suit not on trial, he fell into the error of telling the jury, in substance (if the exceptions are to be relied upon), that the plaintiff must prove the defendant guilty of adultery, and beyond a reasonable doubt, or she would not be entitled to recover, that they would require the same amount of proof as if the defendant was on trial upon an indictment for adultery. Of course, the exceptions must be sustained. The suit did not charge the defendant with adultery, and the plaintiff was not required by law to produce the same amount of proof as if the defendant was on trial for that crime. She charged him with being the father of her illegitimate child, and that she was bound to prove to the reasonable satisfaction of the jury, and nothing more.

*Exceptions sustained. New trial granted.*

APPLETON, C. J.; KENT, BARROWS, and DANFORTH, JJ., concurred.