## WILLIAM L. BURR *vs.* MARK WILLSON.

### October 4, 1875.

**False Representations on Sale of a Judgment.**—False representations "that a certain judgment was good and collectible, that the judgment debtor was solvent and responsible, that he had just paid one thousand dollars thereon, and that there was no prior judgment against him," made with intent to deceive and to induce a purchase, and known to be false by the vendor, constitute a good cause of action in favor of a purchaser who has relied upon them to his loss and damage.

**Same—Where Purchaser is also Influenced by Statements of Others.**—And the action can be maintained even though such purchaser may have been influenced in part by the statements of parties other than the vendor, provided the jury are satisfied from the evidence that, but for such false representations, he would not have acted in making the purchase.

**Same—Suspicious Circumstances—Omission to make Enquiry Excused.**—Though the circumstances are such as reasonably to excite the suspicion of the purchaser, and to put him on enquiry as to the truth of the false representations, an omission so to do will not defeat a recovery if it was occasioned by reason of any statements made, or artifice resorted to, by the seller, calculated to lull such suspicion and to prevent such enquiry.

**Same—Evidence of Insolvency of Judgment Debtor.**—Testimony by a sheriff that he had frequently had executions against a party resident in his county, that he knew his pecuniary condition, and that he had no property out of which any portion of such executions could be made, and that his general reputation in the community where he resided was that of an insolvent, is competent evidence to establish such insolvency.

**Same—Measure of Proof required of Plaintiff.**—The trial court was requested, but refused, to instruct the jury, "that to justify a finding that the defendant made the false representations charged, that fact should be proved beyond a reasonable doubt." *Held*, not error.

Plaintiff sold and delivered to defendant, at Winona, a stock of goods. In payment of $2,500.00 of the purchase money the defendant assigned to plaintiff, "without recourse," an interest to that amount in a judgment of the United States Circuit Court for the Eastern District of Wisconsin, for $5,398.13, in favor of defendant and against one R. F. Wilson, of Eau Claire, in that state, with authority to plaintiff to enforce payment of the same to such amount. Plaintiff having tendered a reassignment of the judgment,

and demanded payment of $2,500.00 as the balance due upon the sale, brought this action, alleging in his complaint that he had received the assignment, relying solely on representations falsely and fraudulently made by defendant at the time of the sale that the judgment was good and collectible ; that the judgment debtor was solvent and responsible, and would pay the judgment ; that he had just paid $1,000.00 thereon, and that there were no prior judgments against him ; and praying judgment for $2,500.00, with interest from the date of the sale.

In his answer the defendant alleged that it was distinctly understood and agreed between the parties that defendant was not to be held in any manner responsible for the collection of the judgment, and that the purchase made by him from plaintiff was wholly in consideration of plaintiff's taking the assignment of a portion of the judgment in payment of the mechandise purchased, to the amount of $2,500.00, without any recourse upon, or guaranty from, him for the collection or payment thereof. He also denied making the false representations charged and their falsity.

At the trial in the district court for Winona county, before *Crosby*, J., (sitting for the judge of the third district,) it appeared that plaintiff caused execution to be issued on the judgment, which was returned unsatisfied. It also appeared that defendant refused to guarantee the judgment, and told plaintiff to enquire about the standing of the judgment debtor ; that plaintiff made partial enquiry, but not of the persons to whom he was directed by the defendant. There was conflicting evidence as to the making of the alleged representations, and as to other matters referred to in the opinion. The defendant's counsel requested the following instructions, which were refused, and exceptions duly taken :

1. If the plaintiff requested defendant to guarantee the judgment, and defendant refused to do so, then plaintiff cannot recover.

2. Representations as to the value of the judgment are not a ground of action for deceit.

3. Representations as to the solvency of R. F. Wilson are not a ground of action for deceit.

4. If you find that plaintiff had equal means with defendant of knowing as to the validity of the judgment, and that defendant asked him to enquire for himself as to the validity of the judgment, which he neglected to do, then the plaintiff cannot recover.

5. To justify the jury in finding that the defendant made the false representations charged, that fact should be proved beyond a reasonable doubt.

The jury found a verdict for plaintiff, a new trial was refused, and defendant appealed.

*Thomas Wilson*, for appellant.

The representations alleged to have been made are not a ground of action for deceit. *Veasey* v. *Doton*, 3 Allen, 380; *Ellis* v. *Andrews*, 56 N. Y. 83; *Bristol* v. *Braidwood*, 28 Mich. 191.

The plaintiff having had the means of discovering the truth or falsity of the statements, and having been requested to enquire for himself, and not availing himself of the means of information within his reach, cannot recover. *Tallman* v. *Green*, 3 Sandf. 437; *White* v. *Seaver*, 25 Barb. 235; *Veasey* v. *Doton*, 3 Allen, 380; 1 Sto. Eq. Jur. § 191; *Bristol* v. *Braidwood*, 28 Mich. 191; *Brown* v. *Leach*, 107 Mass. 364; *Starr* v. *Bennett*, 5 Hill, 303; *Salem Rubber Co.* v. *Adams*, 23 Pick. 256; *Mooney* v. *Miller*, 102 Mass. 217; *Atwood* v. *Small*, 6 Cl. & Fin. 232; *Bell* v. *Byerson*, 11 Iowa, 233; *Rockafellow* v. *Baker*, 41 Penn. St. 319; *Hemmer* v. *Cooper*, 8 Allen, 334.

In this case enough was done by defendant to put plaintiff on enquiry—defendant requesting him to make enquiry for himself, refusing to guarantee the judgment, and assigning it "without recourse." The judgment itself was notice that the judgment debtor was in straitened circumstances, if

not actually insolvent; and it appears that defendant had no more knowledge than plaintiff as to his solvency.

The court erred in refusing defendant's fifth request. The fraudulent acts directly charged, and in issue, amounted to a felony, (Gen. St. ch. 95, § 33; *Reg.* v. *English,* 12 Cox, Cr. Cas. 171,) and to justify a verdict against defendant, proof of such charges, beyond a reasonable doubt, should have been required. 1 Taylor, Ev. § 97 *a;* 2 Greenl. Ev. §§ 408, 426; *Thayer* v. *Boyle,* 30 Me. 102; *Butman* v. *Hobbs,* 35 Me. 227; *Sinclair* v. *Jackson,* 47 Me. 102; *Dwinells* v. *Aiken,* 2 Tyler, (Vt.) 75; *Sperry* v. *Wilcox,* 1 Met. 267; *Laughran* v. *Kelly,* 8 Cush. 199; *Mix* v. *Woodward,* 12 Conn. 262, 288; *Woodbeck* v. *Keller,* 6 Cow. 118; *Aeby* v. *Rapelye,* 1 Hill, 9; *Clark* v. *Dibble,* 16 Wend. 601; *Hopkins* v. *Smith,* 3 Barb. 599; *Steinman* v. *Mc Williams,* 6 Penn. St. 170; *Lexington Ins. Co.* v. *Paver,* 16 Ohio, 324; *Strader* v. *Mullane,* 17 Ohio St. 624; *Buck* v. *Sherman,* 2 Doug. (Mich.) 176; *Byrket* v. *Monohon,* 7 Blackf. 83; *Lanter* v. *McEwen,* 8 Blackf. 495; *Wonderly* v. *Nokes,* 8 Blackf. 589; *Chaffee* v. *U. S.,* 18 Wall. 516; *Thurtell* v. *Beaumont,* 1 Bing. 339; *Chalmers* v. *Schackell,* 6 Car. & P. 475; *Willmett* v. *Harmer,* 8 Car. & P. 695. The verdict is against the evidence.

*G. & W. Gale,* for respondent.

CORNELL, J. The issues of fact having been found in favor of the plaintiff by the verdict of the jury, the substantial averments of the complaint must be taken as true, unless there is such a want of evidence upon some material issue as would justify an appellate court in interfering with the verdict on that ground. A careful examination of the testimony satisfies us that the verdict cannot be disturbed on the ground of the insufficiency of the evidence to support it, without invading the province of the jury, and reversing its judgment in regard to the weight of evidence and the credibility of witnesses.

It is objected by the defendant that the alleged representa-

v.22m—14

tions do not constitute a ground of action for deceit, and in support of this proposition several cases are cited, holding that an action of this nature cannot be maintained upon false affirmations of the value of an article, even though known to be untrue.

The false representations in this case are, " that the judgment was good and collectible; that the judgment debtor would pay it, and was solvent and responsible; that he had just paid one thousand dollars thereon; and that there was no prior judgment against him." Here the existence of at least two material facts—the solvency of the judgment debtor and the non-existence of any prior judgment—is positively affirmed. These are representations, not of the value of the judgment, or how much it was worth, but of facts wholly distinct therefrom, the truth or falsity of which, however, necessarily affected such value. They were well calculated to induce a belief on the part of the purchaser that the judgment was good and collectible, and worth its full face. Representations of this character, if false, and known to be so, made with intent to deceive, and relied upon by another to his loss and injury, are clearly actionable. *Pasley* v. *Freeman*, 3 Term Rep. 51; *Upton* v. *Vail*, 6 John. 181; *Hubbard* v. *Briggs*, 31 N. Y. 518; *Martin* v. *Roberts*, 5 Cush. 126. And this is so even though the injured party may have been influenced in part by the statements of other persons, provided the jury are satisfied from the evidence that, but for such representations, he would not have acted. Kerr on Fraud & Mist. 74, 75; *Hubbard* v. *Briggs*, 31 N. Y. 518, 532.

It is claimed by defendant that the judgment itself was notice of the debtor's embarrassed condition, that the written assignment without recourse, defendant's refusal to guarantee its collection, his reference of plaintiff to others of whom to make enquiries, and his omission to make them, all concur in precluding a right of recovery in this case. It is admitted that the judgment debtor resided in another

state, where the judgment was recovered and docketed, and it is in evidence on the part of plaintiff that the defendant, at the time of the opening of negotiations for the purchase, said to plaintiff : "That if he (defendant) purchased the stock, he wanted to do so at once, as his son was out of business, and must know immediately ; " that he gave as a reason why the judgment had not been collected, "that R. F. Wilson was a personal friend of his, and that he did not want to force the collection," though "he was one of the wealthiest men in that part of the country, and the judgment could be collected at any time ; " that "he would not guarantee it, because it was perfectly good without it." The natural effect of such statements, whether so intended or not, would be to repress enquiry, and to lull suspicion if any was excited by the circumstances of the judgment being unpaid, and the refusal of the owner to guarantee it. Under such circumstances the party making the false representations cannot complain if the person whose conduct they were intended to influence relied upon them as true, instead of pursuing the enquiries suggested by defendant, which might have resulted in proving their falsity. Kerr on Fraud & Mist. 79, 80, 81.

The testimony of the sheriff of the county wherein R. F. Wilson resided, that he knew the condition of his affairs in reference to property liable to execution, that he had frequently had executions against him, and that he had no property out of which any portion of them could be made, and that his general reputation in such community was that of an insolvent, was not objectionable. *Nininger* v. *Knox*, 8 Minn. 140, 148.

The charge of the court, as given, very fully and fairly stated the rules of law applicable to the case as disclosed by the evidence, and the issues of fact which the jury were called upon to determine, and no exception to any part thereof was taken by the defendant. Several requests, however, were asked, refused, and excepted to, which we will now consider.

In respect to the first and third requests, sufficient has already been stated to show that they were properly refused. The false representations charged in this case were not expressions or affirmations of opinion as to the value of the judgment, or how much it was worth, but related to facts affecting such value. The representation that it was good and collectible implied just what the other averments indicated—that the judgment debtor was solvent, and had sufficient means out of which it could be realized on execution. Hence the second request was inapplicable to the case. The fourth request was also irrelevant, as the validity of the judgment was not controverted, and the request ignored the false representations charged.

The defendant also requested an instruction, that "to justify the jury in finding that the defendant made the false representations charged, that fact should be proved beyond a reasonable doubt," which was refused, and properly excepted to.

The question here presented is, whether a charge of fraud in a civil action, like the charge of a crime in an indictment, must be proved by satisfactory evidence, excluding all reasonable doubts. It will not be pretended that an indictment founded upon our statute, which makes the obtaining of goods, etc., from any person, "designedly, and by any false pretence, and with intent to defraud," a felony, and that should contain only such averments as are found in the complaint in this action, could be upheld as charging the commission of any criminal offence. No false pretence is alleged to have been falsely pretended by the defendant, feloniously, or designedly, and with any intent to defraud, as would be requisite in the case of an indictment. 2 Whart. Am. Cr. Law, § 2,144; Whart. Prec. 528, and notes. Obviously the commission of no crime by defendant is specifically set forth in the complaint in this action. All that can be claimed, and all that is claimed, as we understand the counsel for the defendant, is that the cause of action, if sustained, implies an offence against the statute, and, therefore,

the rule should apply which requires the exclusion of all reasonable doubts by the jury in their decision as to the facts, the same as in a criminal case. In other words, the court must first determine whether the facts stated in the pleadings, or adduced by the evidence, are sufficient upon which a criminal charge might be predicated, and, if so, then to apply the criminal rule to the trial of the case, even though the issue actually raised by the pleadings in no way involves the determination of the fact of a criminal offence having been committed. This we deem unsound in principle, and supported by no authority to which we have been referred, or of which we are advised. As is well said by Walton, J., in *Knowles* v. *Scribner*, 57 Me. 495, " it is as unreasonable to require a civil suit to be determined by the rules of evidence applicable to a criminal prosecution, as it would be to require a tailor to measure A when he is going to make a suit of clothes for B. The measure of proof must be determined by the character of the issue being tried, and not by the character of an issue which is not being tried."

Where the issue raised by the pleadings does not distinctly call for the determination of the question, whether a crime or an indictable offence has been committed by some one, the rule asked for has no application. No such issue is raised in this case. *Strader* v. *Mullane*, 17 Ohio St. 624 ; *Sinclair* v. *Jackson*, 47 Me. 102 ; *Knowles* v. *Scribner*, 57 Me. 495 ; *Schmidt* v. *N. Y. Union Mut. Fire Ins. Co.*, 1 Gray, 529 ; *Gordon* v. *Parmelee*, 15 Gray, 413 ; *Hitchcock* v. *Munger*, 15 N. H. 97 ; *Munson* v. *Atwood*, 30 Conn. 102. Whether the rule in question is applicable to the trial of any civil action, it is not necessary in this case to enquire or determine.

Order affirmed.