## Sarah E. West *vs.* St. Paul National Bank.

Submitted on briefs July 17, 1893.    Affirmed Aug. 22, 1893.

### The Contract Implied by Taking Paper for Collection.

A bank receiving an indorsed note before maturity for collection is required to take the proper steps to fix the liability of the indorser.

### Same—Measure of Damages for Breach of Such Contract.

In an action by the owner of the note for neglect of that duty, resulting in the discharge of the indorser, the question of the solvency of the maker is material as affecting the measure of damages.

### General Reputation as Proof of Insolvency.

Insolvency may be shown *prima facie* by proof of general reputation. Proof of insolvency within a reasonable time after the maturity of the note *held* admissible.

### Mitigation of Damages.

The fact that lands mortgaged by the maker to the plaintiff to secure the note were of a value in excess of the sum for which she bid off the same at a foreclosure sale *held* not available in mitigation of damages.

Appeal by defendant, the St. Paul National Bank, from an order of the District Court of Ramsey County, *J. J. Egan*, J., made March 25, 1893, denying its motion for a new trial.

The plaintiff, Sarah E. West, owned a note for $1,150 made by Herman Onken and indorsed by Robert McMenemy and secured by a mortgage on a lot in St. Paul. Two years before the maturity of the note she left it with the defendant, she says, for safe-keeping and collection. The maker paid interest to August 24, 1890. The note fell due on August 24, 1891, but was not paid or protested or notice of nonpayment given the indorser. She foreclosed the mortgage and the Sheriff sold the lot on June 2, 1892. She bid it in for $870. The expenses were $71.60. The balance was indorsed on the note. She then brought this action claiming that the Bank had negligently omitted to protest and give notice, and that the maker was insolvent. She asked judgment for the balance due on the note. The Bank answered that it held the note for safe-keeping only, and not for collection, and alleged that the maker was solvent and the

lot worth more than the amount of the note, interest and foreclosure expenses. Plaintiff had a verdict for $541.35.

*William G. White,* for appellant.

The rule of damages as stated by the trial court in this action was erroneous. The defendant offered to establish by proper and competent evidence the fair market value of the real estate, but the offer was rejected, and it excepted. It was also error to permit plaintiff to introduce in evidence the foreclosure proceedings, and to rule that these proceedings were conclusive evidence of the value of the land. *Borup* v. *Nininger,* 5 Minn. 523, (Gil. 417.)

The foreclosure proceedings were not admissible as against this defendant as evidence of the value of the land. In some States evidence of the amount realized for property at an auction sale has been admitted to show its value at the time of such sale. *Brigham* v. *Evans,* 113 Mass. 538; *Campbell* v. *Woodworth,* 20 N. Y. 499. But in this and similar cases the sale was absolute and passed the title to the purchaser, and in every one of these cases care is taken to emphasize the fact that such evidence is not conclusive, but only some evidence of value.

At the trial the defendant offered to show, by proper and competent evidence, what was the market value of this land on August 24, 1891, and the court excluded the testimony. The defendant was prepared to show that at all times it was worth in open market more than the amount of plaintiff's note, and that plaintiff has suffered no loss. It was plainly error to exclude this evidence. *Redding* v. *Godwin,* 44 Minn. 355.

There is no competent evidence in this case of the insolvency of Herman Onken, and none whatever that he was insolvent at the maturity of the note. Insolvency as applied to the present case does not mean an inability on the part of Herman Onken to pay his debts as they mature in the regular course of business, but means that Onken did not have property subject to attachment on execution, sufficient in amount to satisfy plaintiff's debt within such reasonable time after August 24, 1891, as would be necessary to secure and appropriate the same by process of law. *Nininger* v. *Knox,* 8 Minn. 140, (Gil. 110;) *Burr* v. *Willson,* 22 Minn. 206; *Friesenhahn* v. *Merrill,* 52 Minn. 55; *Alden* v. *Wright,* 47 Minn. 225.

*Stevens, O'Brien & Glenn,* for respondent.

The court below adopted the rule that the measure of damages in this case was the face of the note less the amount realized at the foreclosure sale, and that the foreclosure not being attacked for fraud, the respondent could not be charged with the actual value of the land in mitigation of damages. *Borup* v. *Nininger,* 5 Minn. 523, (Gil. 417.)

Inability to collect a debt may be shown by evidence that the maker is reputed to be insolvent. This is the settled rule of this state. *Nininger* v. *Knox,* 8 Minn. 140, (Gil. 110;) *Burr* v. *Willson,* 22 Minn. 206.

General reputation in the community in which one resides must have an application coextensive with the sphere of action, social, commercial, etc., of the person whose general reputation it is sought to establish. *Kelley* v. *Proctor,* 41 N. H. 139; *Bank of Middlebury* v. *Rutland,* 33 Vt. 414; *Dupree* v. *State,* 33 Ala. 380; *Griffin* v. *State,* 14 Ohio St. 55; *People* v. *Lyons,* 51 Mich. 215.

DICKINSON, J. The plaintiff was the holder of a promissory note for $1,150, executed by one Onken to one McMenemy, and by the latter sold and indorsed to the plaintiff before maturity. It was secured by a mortgage of real estate. Long before the maturity of the note the plaintiff delivered it to the defendant bank for collection, as we must now consider the fact to have been. When the note matured, in August, 1891, the bank did not protest for nonpayment; and for want of notice the indorser, who was solvent, was discharged. In June, 1892, the plaintiff foreclosed her mortgage by advertisement, she being the purchaser at the sale for $870. This action was commenced in November, 1892, to recover the difference between the amount for which the plaintiff bid off the property—less the expenses of the foreclosure—and the amount of the note, the action being founded upon the neglect of the bank to take the necessary steps to charge the indorser.

In receiving the note for collection the bank assumed the duty of taking the proper steps to fix the liability of the indorser. *Borup* v. *Nininger,* 5 Minn. 523, (Gil. 417;) *Jagger* v. *National German-Am. Bank,* 53 Minn. 386, (55 N. W. Rep. 545.) For a neglect of that duty

it would be responsible to the extent of the damages suffered thereby. If the maker of the note were solvent, so that the note could be collected from him, the damages resulting from the discharge of the indorser would be merely nominal. Hence, as the plaintiff must prove the extent of the damage, the question of the solvency of the maker, Onken, became material. *Borup* v. *Nininger, supra.* The fact that one is insolvent may be established by proof that such is his general reputation in the community where he resides, (*Nininger* v. *Knox,* 8 Minn. 140, [Gil. 110;] *Burr* v. *Willson,* 22 Minn. 211; *Angell* v. *Rosenburj,* 12 Mich. 241, 251; *Bank of Middlebury* v. *Town of Rutland,* 33 Vt. 414; *State* v. *Cochran,* 2 Dev. 63;) or, it may be added, where he is engaged in business.

The proof of the financial irresponsibility of the maker of this note was meager, and not wholly satisfactory; but we regard it as *prima facie* sufficient. It appeared that in the fall and winter of 1891 he was living in Duluth, but it was not shown how long he had lived there. There was evidence going to show that at that time he was reputed to be insolvent, and that such had been his reputation since the spring of 1891. It is said that a general condition of insolvency is not inconsistent with ability on the part of the debtor to pay a particular debt, or on the part of the creditor to enforce payment. This is true, but proof of insolvency is evidence, *prima facie,* of the inability of a creditor to enforce payment; and the mere possibility that the plaintiff might have enforced collection of the note from the maker does not forbid her recovery for the negligence of the defendant in allowing the discharge of the indorser, admitted to have been solvent. *Lamberton* v. *Windom,* 18 Minn. 506, 514, 515, (Gil. 455.)

While the plaintiff did not institute legal proceedings to enforce payment from the maker, the defendant, while it held the note for collection, and at or after maturity, demanded payment by mail, which demand the maker disregarded. We think that proof of this demand and of the maker's insolvency was sufficient to justify the plaintiff in calling upon the defendant to respond in this action.

Some of the appellant's assignments of error are based on the erroneous theory that because the cause of action arose in August, when the indorser was discharged, the proof of the insolvency of

the maker of the note should have been confined to that time. The proof of the maker's insolvency was not necessary to establish a cause of action, but to show the extent or measure of the resulting damage. The plaintiff was not bound to sue the maker immediately upon the maturity of the note, even though he were then solvent; and if the maker became insolvent thereafter,—at least, if within such time as the plaintiff might have reasonably allowed to pass without instituting legal proceedings,—such insolvency would afford a basis for the measurement of damages resulting from the discharge of the indorser. Hence there was no error in receiving proof of the insolvency of the maker some four months after the maturity of the note.

The defendant was responsible to the extent of the difference between the amount realized by the foreclosure sale—that is, the amount for which the plaintiff bid off the property, less the proper expenses to be deducted therefrom—and the amount of the note; and the fact that the land may have been worth more than the sum bid was not material. *Borup* v. *Nininger*, 5 Minn. 523, 552, (Gil. 417.) The plaintiff was not charged with fraud or want of good faith in respect to the foreclosure. As a purchaser she was at liberty to fix the price for which she would take the property, subject to redemption. It may be added, although we do not think that this is important, that when this action was tried the time for redemption had not expired, and, if redemption should be made, plaintiff would not acquire title to the land, but would only have paid to her the amount for which she had purchased, with interest.

Order affirmed.

(Opinion published 56 N. W. Rep. 54.)