CHARLES W. BLACKMORE, DEFENDANT IN ERROR, v. ALFRED J. ELLIS, PLAINTIFF IN ERROR.

Submitted December 8, 1903—Decided May 13, 1904.

1. In civil cases, where the action or defence is based upon a criminal act, such criminal act may be established by a preponderance of evidence.
2. Exemplary damages may be recovered for a wrongful act founded in malice.
3. It is not error in a judge to refuse to charge a jury as to the legal effect of a part only of the material facts proved in the cause.
4. In an action for assault and battery the defendant is not entitled to call upon the judge to charge the law of self-defence where the general issue alone is pleaded.

On error to the Hudson Circuit.

For the plaintiff in error, *William R. Barricklo* and *Charles C. Black*.

For the defendant in error, *William H. Speer, Jr.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff recovered a judgment against the defendant for an assault and battery and he brings this writ of error to reverse that judgment.

The errors complained of consist in the refusal of the judge to charge certain requests of the defendant and in certain directions given by the judge to the jury.

The plaintiff in error maintains that the defendant in error was required to prove the assault and battery beyond reasonable doubt, and the refusal of the judge to so charge, and the charge of the court that the assault and battery must be proved by a preponderance of evidence, form the basis for several assignments of error.

While it may be that in some jurisdictions the rule may have formerly prevailed that where the injury sued for is the result of a criminal act the proof of the crime must be beyond reasonable doubt, such is not the law of this state. In *Kane* v. *Hibernia Insurance Co.,* 10 *Vroom* 697, which was a case where upon a policy of insurance sued upon the defence was that the building insured was burned by design with the knowledge and procurement of the defendant, it was held that in civil cases the verdict should be determined by the preponderance of evidence without regard to the fact that in the defence was involved a charge which might be made the ground of criminal prosecution. In 1 *Greenl. Evid.* (16*th* ed.), § 81*d*, it is said the chief topic of controversy has been whether in certain civil cases the measure of persuasion for criminal cases (*i. e.,* beyond reasonable doubt) should be applied. Policy suggests that the latter test should be strictly confined to its original field and that there ought to be no

attempt to employ it in any civil case. Nevertheless the effort has been made (though usually without success) to introduce it in certain sorts of civil cases when an analogy seems to obtain. It is sometimes said that in general, where-ever in a civil case a criminal act is charged as a part of the case, the rule for criminal cases should apply, but this has been generally repudiated. *Ellis* v. *Buzzill,* 60 *Me.* 209; *Weston* v. *Gradlin,* 49 *Vroom* 507; *Munson* v. *Atwood,* 30 *Conn.* 102; *Mead* v. *Husted,* 52 *Id.* 57; *Bell* v. *McGuiness,* 40 *Ohio St.* 673; *Robinson* v. *Randall,* 82 *Ill.* 521; *Bissell* v. *Webb,* 35 *Ind.* 54; *Gordon* v. *Parmelia,* 15 *Gray* (*Mass.*) 413; *Burr* v. *Wilson,* 22 *Minn.* 206; *New York & B. F. Co.* v. *Moore,* 102 *N. Y.* 667.

The general rule is that in civil cases where the action or defence is based on a criminal act, such criminal act may be established by a mere preponderance of evidence. 11 *Am. & Eng. Encycl. L.* (*2d. ed.*) 492.

It is further assigned for error that the judge charged the jury that punitive or exemplary damages might be re-covered if the wrongful act of the defendant was founded in malice. In this direction we think the judge was fully sustained by the cases of *Magie* v. *Hollair,* 3 *Dutcher* 86; *Haines* v. *Schmeltz,* 21 *Vroom* 481; *Trainor* v. *Wolff,* 29 *Id.* 381; 12 *Am. & Eng. Encycl. L.* (*2d ed.*) 23.

The defendant's fourth request to charge the jury was as follows:

"If the plaintiff assaulted defendant and then ran across the street and fell over the curb, he cannot recover. If the plaintiff had a preconceived design of having a quarrel with defendant in order to involve him in litigation and extort money from him and in carrying out such a scheme he started to fight and then ran and tripped over the curb and so injured his leg, the defendant is not liable for such injury."

This request is objectionable as containing two distinct propositions, and each proposition is objectionable because it is a request to charge that part of a group of circumstances adduced to prove a fact is sufficient to establish the fact.

*Runyon* v. *Central Railroad Co.,* 36 *Vroom* 554; *Traction Co.* v. *Chenowith,* 32 *Id.* 554. And besides the second of the propositions contains within it circumstances not disclosed by the testimony. The court cannot be called upon to charge the jury as to the legal effect of a part only of the material facts proved in the cause.

The requests to charge upon the subject of self-defence were in substance complied with, but the defendant was not entitled to have the direction of the court to the jury upon this subject. The plea filed was the general issue. *Son assault demesne* was not filed; this is a plea admitting the assault and battery but justifying it. Clearly self-defence cannot be proved under the general issue; in order to permit it to be used as a defence it must be specially pleaded. 2 *Greenl. Evid.* (16th ed.), § 92. The suggestion that the pleadings be now amended so as to permit such a plea to be filed cannot prevail. Where the issue, as made up on the pleadings and bill of particulars, has been fully tried and correctly settled, no amendment having been applied for in the court below, this court will not permit an amendment to bring about a reversal of the judgment and a new trial upon a different issue. *Kent* v. *Phœnix Art Metal Co.,* 55 *Atl. Rep.* 256.

We find no error in the trial of the cause and the judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY. 13.

*For reversal*—None.