### PITTSBURGH PLATE GLASS CO. v. EDWARDS.

(Circuit Court of Appeals, Eighth Circuit.   October 6, 1906.)

#### No. 2,332.

BANKRUPTCY—VOIDABLE PREFERENCE.

   A chattel mortgage given by a debtor, covering all of his personal property, nine days before his bankruptcy, and when hopelessly insolvent, to secure a comparatively small debt, *held* voidable, as a preference under Bankr. Act July 1, 1898, 30 Stat. 562, c. 541, § 60b [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, 32 Stat. 799, c. 487. § 13 [U. S. Comp. St. Supp. 1905, p. 689], on evidence that the creditor had practically ceased selling the bankrupt goods some time before and had been repeatedly pressing for payment of his account through his agents and the attorney who took the mortgage, and that checks previously given him by the bankrupt had been dishonored; such facts, which were known to the attorney, and his avoidance of obvious and reliable sources of information of the bankrupt's condition, being sufficient to charge him with notice of the insolvency and to give him reasonable cause to believe that a preference was intended.

Appeal from the District Court of the United States for the Southern District of Iowa.

L. G. Susemihl (T. A. Murphy, on the brief), for appellant.

W. E. Blake (Harold J. Wilson, on the brief), for appellee.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge.   The question in this case is whether a chattel mortgage taken by the appellant upon the property of the bankrupt constitutes a voidable preference under section 60b of the bankruptcy act (Act. July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689]. Since it appears without dispute that the mortgage was secured within four months before the filing of the petition and the maker was insolvent at the time, the question may be more narrowly stated:   Had the appellant or its attorney who attended to the matter reasonable cause to believe that a preference was intended by the bankrupt?   The referee answered in the affirmative, and he was sustained by the District Court.

We are of the opinion that they were right. For several months prior to the taking of the mortgage the appellant had almost wholly ceased its sales to the bankrupt, and was insistently pressing for a full satisfaction of its account. Two agents of appellant had recently visited the bankrupt to secure payment. An attorney then went to the city where the bankrupt did business with instructions not to do anything if the agent who last preceded him had secured a substantial payment on the demand. The agent had secured such a payment and also a check for the balance. The attorney learned of the payment and returned home. The check was subsequently dishonored. One previously given had also been dishonored. The attorney went again and secured another check, dated ahead, for the balance then due, and also a note for the same amount secured by a chattel mortgage uopn all of the bankrupt's tangible personal property, consisting of machinery, materials, and manufactured stock, worth many times the amount of the debt. This was nine days before the adjudication in bankruptcy. By agreement the mortgage was not to be placed on record if the bankrupt should send a draft for the amount of the debt by the time the date of the check came by. This check, the third one, was also dishonored and the mortgage was recorded the day before the adjudication. The bankrupt was hopelessly insolvent. That he intended a preference is inferred as a necessary consequence of his act in giving the mortgage while in such financial condition, and an examination of the record impresses us with the belief that the appellant's attorney was so well satisfied of the bankrupt's insolvency and its effect upon the mortgage he was about to take that he purposely traveled as close to the edge of actual knowledge as he could without obtaining it. He testified to efforts to ascertain the bankrupt's financial condition, whether he owed certain parties, and that he relied on the information obtained, but he ignored other sources of information which were at hand and were so obvious and so much more accurate and reliable that in view of the undisputed facts of the case intentional avoidance is suggested. The finding that the representative of appellant had reasonable grounds for believing that a preference was being intentionally given is sustained.

The order is affirmed.