**FIRST BANK OF MAYSVILLE** *et al.* v. **ALEXANDER.**

No. 4186.    Opinion Filed November 30, 1915.

(153 Pac. 645.)

1.  **APPEAL AND ERROR—Presentation for Review—Briefs—Admission of Evidence.** Where complaint is made of the admission of evidence at the trial, same must be set out in the briefs in accordance with rule 25 (38 Okla. x, 137 Pac. xi), and when this is not done the assignment of error based thereon will not be considered.

2.  **BANKRUPTCY—Preference—Action to Set Aside—Evidence—Reputation for Insolvency.** In an action by a trustee in bankruptcy to set aside a conveyance under section 60b, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562), as amended by Act June 25, 1910, c. 412, 36 Stat. 842 (U. S. Comp. St. 1913, sec. 9644), evidence of the general reputation of the bankrupt for being insolvent on the date of the conveyance in the community where bankrupt and his grantee both lived at the time is admissible.

3.  **BANKRUPTCY—Fraudulent Transfer—"Reasonable Cause to Believe"—Knowledge of Insolvency.** In such case, it is not error to instruct the jury that knowledge upon the part of the grantee of facts and circumstances sufficient to put a reasonably prudent man upon inquiry, which if pursued would lead to a knowledge of bankrupt's insolvency, at the date of the conveyance, is sufficient to constitute reasonable cause to believe him insolvent.

4.  **APPEAL AND ERROR—Finding of Fact—Evidence.** Evidence examined, and **held** to reasonably support the verdict.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by R. B. Alexander, trustee, against the First Bank of Maysville and another. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 47 Okla. 459, 149 Pac. 152.

*Blanton & Andrews,* for plaintiffs in error.

*Thompson & Patterson,* for defendant in error.

HARDY, J.   Defendant in error, hereinafter called "plaintiff," filed his petition in the district court of Garvin county, as trustee in bankruptcy of F. C. Cook, bankrupt, seeking to recover possession of a certain lot and brick store building located thereon, in the town of Maysville, Garvin county.   Upon a trial had, judgment was rendered in favor of plaintiff, and defendants bring error.

In the second assignment of error, defendants complain of the action of the court in admitting the testimony of the witness Sample to the effect that a traveling man had told him that his house was not selling Mr. Cook any more, and that it was only a matter of time until he was bound to go broke.   Objection was made, and overruled, to the introduction of this statement.   Immediately following this, the same witness was asked:

"Q.   Did you hear any other traveling man say anything about Mr. Cook?"

Whereupon Mr. Andrews, of counsel for defendants, made the following objection:

"Mr. Andrews:   We object to what he heard any traveling man, any outsider, say, unless it was in the presence of an officer of this institution."

And after a discussion of the objection, the court ruled:

"The Court:   I don't think you can prove specifically; you can ask about his general reputation as to being insolvent."

It thus appears that objection was renewed to all evidence of this character, specifically including the question then under consideration, and that the general objection was sustained by the court, thereby in effect withdrawing from consideration of the jury the statement complained

of. In view of this ruling, had counsel desired a more specific withdrawal of the evidence, undoubtedly, upon request being made, the same would have been granted by the court.

The evidence complained of in assignment No. 3 appears to have been admitted without objection to the specific question and answer upon which the assignment is based, and there was no exception to the action of the court in overruling the motion to strike the answer of the witness from the record, and we think same may not now be urged. If it be contended that a general objection to the introduction of evidence of this character which was previously made and overruled was sufficient to present the question, we think there was no error, because said evidence was admissible.

In discussing the admissibility of reputation to prove insolvency, in section 253, Wigmore on Evidence, it is said:

"Where a transfer of property by an insolvent is in issue as being in fraud of creditors, and knowledge by the transferee of the transferror's insolvency is to be shown, the reputation of the transferror as to solvency is relevant to show the probability of that knowledge, provided it is a reputation in a locality frequented by the transferee. This is equally true whether the offerer of the evidence is attempting to show that the transferee believed in the transferror's solvency, or that he was aware of the latter's insolvency."

Decisions holding this rule are as follows: *Nininger v. Knox,* 8 Minn. 140 (Gil. 110) ; *Angell v. Rosenbury,* 12 Mich. 241; *West v. St. Paul Nat. Bank,* 54 Minn. 466, 56 N. W. 54; *Hahn v. Penney,* 60 Minn. 487, 62 N. W. 1129; *Garrett v. Weinberg,* 59 S. C. 162, 37 S. E. 51, 225; *Webb*

*v. Atkinson,* 124 N. C. 447, 32 S. E. 737; *Leak v. Covington,* 99 N. C. 559, 6 S. E. 241.

The evidence complained of in assignments Nos. 4 and 5 is not set out in the brief in accordance with Rule 25 of this court (38 Okla. x, 137 Pac. xi), and we therefore will not consider same.

The court instructed the jury as follows:

"You are instructed in this case if, at the time of receiving said house and lot or the proceeds thereof by the defendant, the date of it was within less than four months of the date of the bankruptcy, and that Cook was in fact insolvent, and that it was paid on an antecedent indebtedness, and that the bank had reasonable cause to believe at the time that it was intended as a preference, and that such payment enabled the bank to obtain a greater proportion of its debt than any other creditor of the same class, then, in that event, you should find for the plaintiff. If, however, all of these conditions above named are not met, you should find for the defendant.

"You are instructed that the term 'reasonable cause to believe that a preference was intended,' as used in the instructions heretofore given you, does not require actual belief on the part of the creditor receiving the transfer of the property, but it is enough to constitute a reasonable cause to believe him insolvent that the facts and circumstances with reference to the transfer or his financial condition, which, when brought home to the creditor or transferee, are such as will put an ordinarily prudent man upon inquiry, which, if pursued, would lead to knowledge of his insolvency."

This latter part of the instruction was excepted to and is assigned as error, it being urged that the instruction is misleading and states the rule too strongly, in that it states the rule to be that it is enough to constitute reasonable cause under the law if the facts and circumstances brought home to the bank were such as would

put an ordinarily prudent man upon inquiry, which, if pursued, would lead to knowledge of the transferror's insolvency.

The section of the bankruptcy act upon which this instruction is based is section 60b, as amended by act of 1910. In the amendment of 1910, intent to prefer on the part of the debtor is no longer material, and reasonable cause to believe that a preference was intended is not now essential, and that portion of the instruction was erroneous, in that it placed too great a burden upon the plaintiff. The amendment does not dispense with the necessity of proving reasonable cause to believe that such transfer would effect a preference. The instruction complained of states that, if the bank had knowledge of sufficient facts and circumstances to put a prudent man upon inquiry, then it would be sufficient.

In discussing this section of the law, the author, in Collier on Bankruptcy (10th Ed.), p. 20, says:

"The causes in the act of 1867 and the present law as amended permit the statement that reasonable cause to believe does not require proof either of actual knowledge or actual belief, but only such surrounding circumstances as would lead an ordinarily prudent business man to conclude that the transfer will result in a preference. The creditor must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency. Notice of facts which would incite a person of reasonable prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably intelligent inquiry would develop."

In Loveland on Bankruptcy, p. 1010, discussing the same section, it is said:

"Whatever fairly puts a party upon inquiry is sufficient notice where the means of knowledge are at hand,

and, if the party under such circumstances omits to inquire and proceeds to receive the transfer or conveyance, he does so at his peril, as he is chargeable with knowledge of all the facts which by a proper inquiry he might have ascertained."

The rule as announced by these two authors supports the instruction in the particulars complained of, and other authorities announcing the same rule are as follows:  3 R. C. L., sec. 105; *In re Eggert,* 102 Fed. 735, 43 C. C. A. 1; *In re Virginia Hardwood Mfg. Co.* (D. C.), 139 Fed. 209; *Pittsburgh Plate Glass Co. v. Edwards,* 148 Fed. 377, 78 C. C. A. 191; *Coder v. McPherson,* 152 Fed. 951, 82 C. C. A. 99; *Rogers v. Fidelity Sav. Bank & L. Co. et al.* (D. C.), 172 Fed. 735; *In re C. J. McDonald & Sons* (D. C.), 178 Fed. 487; *In re Thomas Deutschele & Co.* (D. C.), 182 Fed. 435; *Stern v. Paper et al.* (D. C.), 183 Fed. 228; *Tilt v. Citizens' Trust Co.* (D. C.), 191 Fed. 441.

There was no error to the prejudice of defendants in the instruction given.

It is further urged that there was not sufficient evidence to justify the finding of the jury that Cook was insolvent.  This was a question of fact to be determined from the evidence, by the jury, and having been submitted under proper instructions, and there being sufficient evidence which reasonably tends to support the verdict, we are not inclined to disturb the same.  And the judgment appealed from is therefore affirmed.

All the Justices concur.