## COSTIGAN *vs.* NEWLAND.

Where an agent rightfully receives money for his principal, which ought to be paid over by the principal to a third person, such third person can not maintain an action against the agent for the recovery, though the agent has never in fact paid it over to his principal, and though the agent had notice of the claim made by such third person.

An attorney who forecloses a mortgage for his client, by advertisement under the statute, and out of the money arising from the sale retains the costs, and pays over to his client the amount of the mortgage debt, can not be held liable for the surplus, to the person having the oldest lien thereon. The action in such case must be brought against the client.

THE defendant, as attorney for Lockwood Deforest, foreclosed a mortgage against John and Andrew Delahant, by advertisement. After paying the mortgage debt and interest and costs out of the money arising from the sale, a surplus remained in the hands of the defendant, amounting to $180,95. The plaintiff claimed such surplus by reason of a judgment he had recovered against the Delahants for over $2000, which was the oldest unpaid lien on the premises, proved on the trial; and while such surplus remained in the defendant's hands, the plaintiff served notice on the defendant of his claim, and the facts on which it was based, and demanded the money. The defendant refused to pay, but afterwards paid the money over to one Harrison, who claimed to be entitled to it, and executed a bond of indemnity to the defendant.

The cause was refered to a referee, who reported in favor of the defendant, and the plaintiff appealed.

*S. Stevens*, for the plaintiff.

*J. K. Porter*, for the defendant.

PARKER, P. J. The defendant received the money as the attorney of Deforest, for whom he transacted the business of foreclosing the mortgage. He is therefore to be considered as the agent, and Deforest the principal; and the question presented is whether, conceding that the plaintiff was entitled to the surplus, the action, under such circumstances, can be maintained against the agent.

Costigan *v.* Newland.

If the agent had a right to receive the money, and it was not paid over by mistake, then payment to the agent "was in law *eo instanti,*" payment to the principal," (1 *Camp.* 337,) and in such cases the principal, and not the agent, is accountable for the money. In *Eden* v. *Read*, (3 *Camp.* 439,) it appeared that Spooner and Atwood were bankers and receivers general of taxes. The plaintiff was a collector of taxes, and brought a suit against Read their clerk, on a receipt signed "for Spooner & Atwood, Wm. Read." It was held by Lord Ellenborough that the action should have been brought against Read; and the plaintiff was nonsuited.

The case of *Stephens* v. *Badcock*, (3 *Barn. & Ald.* 354, 23 *Eng. Com. Law*, 93,) is directly in point. The plaintiff was rector of Ludgvan; the defendant had been clerk to Samuel John, an attorney whom the plaintiff had for several years employed to receive his rents and tithes. John, being in embarrassed circumstances, left home and never returned. After his departure, and before the cause of it was known in his office, the defendant received from one of the plaintiff's parishioners (which he was in fact authorized to do) the sum of £9, and gave a receipt as follows:

"Rec'd 20 Aug., 1827, of Mr. H. F. £9, for half a year's composition for tithes, due to Rev. J. Stephens at Lady day last past.

For Mr. S. John,
                              John Badcock."

At the time of this transaction, John was indebted to the plaintiff on a balance of account. It did not appear that John owed the defendant. The defendant refusing to pay the plaintiff the £9, assumpsit was brought, and the king's bench held the action would not lie, for the reason that the defendant received the money as the clerk of his master, and was accountable to him for it; the master, on the other hand, being answerable to the client for the sum received by the clerk. This case can not be distinguished in principle from that under consideration. Both present the question whether a mere agent, not acting in any official capacity, while he acts within the scope of

his authority, can be held liable, by any other person than his principal, for money properly received by him in the name and business of, and for the principal.

The recent case of *Colvin* v. *Holbrook*, (2 *Comst.* 126,) recognizes this same principle, and must be regarded as settling the law in this state. It was a suit brought against a deputy sheriff, to recover money rightfully received by him in that character, on a redemption of lands he had sold on execution, and which he refused, on demand, to pay over to the person to whom it belonged. The only question was whether the action would lie against the deputy sheriff; and judgment was given against the plaintiff, on the ground that the action in such case would only lie against the sheriff. The court laid out of view the official character of the defendant, and put the case on the ground most favorable to the plaintiff; deciding only the question, whether an agent receiving money from his principal in pursuance of a valid authority, without fraud, duress or mistake, is liable to an action in behalf of a person who is ultimately entitled to the money, for neglecting to pay the same over upon request, and before it is paid over to the principal. The court said the rule is universal, that a known agent is not responsible to third persons for acts done by him in pursuance of an authority rightfully conferred on him, and they held the principal alone responsible.

The cases relied on by the plaintiff's counsel in this case, were there examined and commented on by Gardiner, J., and shown to be cases where the principal had no right to receive the money, and of course could confer none upon the agent; or where it was paid by mistake; or where the agent exceeded his authority and consequently could not claim its protection.

There is no doubt that where money is paid to the agent by mistake, or under such circumstances that it may be recovered back from the principal by the party paying, it may be recovered back from the agent if he has not paid it to the principal, or altered his situation in relation to him. (7 *Cowen*, 460. But where it is properly paid to the agent, the party ultimately entitled can recover only from the principal. In other words,

Costigan *v.* Newland.

where the party claims the money in affirmance of the right of the agent to receive it for his principal, he can sue only the principal, and not the agent, for the money. No case has been cited, and I think none can be found conflicting with this rule. The defendant in this case owed no duty to the plaintiff. The money was properly received by the defendant, and it was his duty to pay it to Deforest, his principal. A judgment against the defendant in this suit would not protect him against another judgment in favor of Deforest. As to third persons, Deforest is regarded as having received the money by his agent when it was paid to the defendant, and was chargeable with the money and with the legal consequences of receiving it, as soon as it came to the hands of his attorney, whether the attorney ever paid it over to his principal or not. It may be that Deforest has some legal defense to the action. It is certain that he is better acquainted than another person with the state of his accounts with the plaintiff. The defendant had no individuality in the matter. It was merged in that of the principal. The defendant could not interplead the claimants. (*Cooper* v. *Tastet*, 1 *Tamlyn*, 177. 5 *Madd. Ch. Rep.* 47. *Story's Eq. Pl.* § 296.) He could neither decide the matter for his principal, nor ask the court to decide it for him. The referee was therefore right in his report, and the judgment entered therein must be affirmed.

Judgment of referee affirmed.

[ALBANY GENERAL TERM, February 2, 1852. *Parker, Wright* and *Harris*, Justices.]