ANNA BURKE et al,

*vs.*

FRANCIS BEVERIDGE.

Defendant having at the time no title to certain land, on the 8th June, 1859, executed a deed thereof with covenants of seisin, and right to convey, and warranty, to Mrs. Burke, which was recorded on June 11th, 1859. The title was then in A, who on the 15th August, 1859, by deed duly recorded, conveyed the land to B, who had previously, on the 8th February, 1859, executed and delivered a warranty deed thereof to defendant, but this latter deed was not recorded till February, 1869. In 1867, B executed and delivered a warranty deed thereof to C, which was duly recorded July 6th, 1867. *Held*, in an action brought to recover damages for breach of said covenants of seisin and right to convey, that B's after acquired title, which, by virtue of the covenants of warranty in the deeds from B to defendant, and defendant to Mrs. Burke, enured to her benefit, being by reason of defendant's failure to record his said deed from B presumptively void in her hands as against C, and there being no evidence of any actual or constructive notice on C's part of its existence, plaintiffs were entitled to recover, as damages, the consideration given by Mrs. B. for the land, or, it being other property, its value at the time of the transfer, not exceeding the amount specified in the deed to Mrs. Burke, with interest from its date. The consideration was a house and lots in West St. Paul. A witness who testified that he was not acquainted with that property at the time of the sale, nor till about a year thereafter, is not competent to testify as to his opinion of its value at that time, though he was then familiar with the value of the property in the vicinity generally, and knew that this property was then under water, by reason of a freshet, and incumbered by mortgage.

Mrs. Burke, as a married woman, is within the express words of the exception in *Gen. Stat. ch.* 66, *sec.* 17, and therefore entitled to avail herself of it.

Defendant had executed to B a mortgage of the premises, of even date with B's deed thereof to him, which was recorded February 22d,

vol. 15—14

Burke et al. v. Beveridge.

1859. *Held*, that the record thereof and of defendant's deed to Mrs. Burke, had, of itself no tendency to rebut the presumption that C was a purchaser in good faith.

This action was commenced in the court of common pleas of the county of Ramsey, by Anna Burke and William Burke, her husband, in January, 1869, to recover damages of the defendant, for alleged breaches for covenants in deed executed by the defendant to the said Anna Burke, in June, 1859. Issue was joined, and the cause tried before a jury who found a verdict for the plaintiffs. The defendant made a motion for a new trial, which was denied, and he appeals from the order denying the same to this court. The case is sufficiently stated in the opinion of the court.

BIGELOW & CLARK for Appellant.

H. J. HORN for Respondents.

*By the Court*—RIPLEY, CH. J.—Defendant having at the time no title to lots 1, 2 and 3, block 33, in Hoyt's addition to Saint Anthony, on the 8th day of June, 1859, executed, acknowledged and delivered to plaintiff, Anna Burke, a deed purporting to convey the same to her in fee, for the consideration therein named, of five hundred dollars, and with the usual covenants of seisin, right to convey, warranty, and for quiet enjoyment, which was duly recorded on the 11th day of June, 1859. Said lots were then vacant, as they have ever since remained.

The title to the premises was then in one Hoyt, who, on the 16th day of August, 1859, by deed of that date, conveyed the same, with warranty, to one Jackson, who, on the 13th day of May, 1867, made a warranty deed thereof, to one Chester Hitchcock, purporting to be upon a valuable

Burke et al. v. Beveridge.

consideration, which was duly recorded on the 6th day of July, 1867.

This action is brought to recover damages for an alleged breach of said covenants of seisin, and right to convey, for we do not think a breach of the covenant of warranty and for quiet enjoyment, was intended to be, or is alleged.

That part of the complaint claimed to amount to such an allegation is as follows: "that on the 13th day of May, 1867, one Chester Hitchcock took possession of said premises, claiming to be the owner thereof in fee simple: and the said plaintiffs say that the said Chester Hitchcock, was at the time of so taking possession thereof, aforesaid, to-wit: on the 13th day of May, 1867, and ever since, has been, and is, the lawful owner of said premises in fee simple, and in possession of the same; that the said Hitchcock has ever since held the same adversely to the said Anna Burke, and not under any title derived from her."

To constitute a breach of the covenants in question, it is necessary that there should have been an eviction under a paramount title existing at the time of the conveyance to the plaintiff, Anna Burke, and this must be alleged, which it is perfectly evident is not done in the passage quoted. *Rawle's Cov.* 165, 166, 182, 183, 216, 308, 309; 2 *Hill*, 113.

At the trial the plaintiffs proved the foregoing state of facts, by which it is conceded that a breach of the covenants of seisin and right to convey, was *prima facie* made out, and the measure of damages being the consideration money from the date of the deed, or if the consideration were not money, but as in this case, other real estate, the value thereof at that time, with interest since, not exceeding the amount named in the deed, entitling them if not overcome or rebutted by the defence, to recover the same of defendant.

The defendant, however, proved that on the 8th Febru-

ary, 1859, said Jackson executed, acknowledged and delivered to him a warranty deed of the premises, purporting, for value, to convey the same to him in fee, which was not recorded, however, till after this suit was commenced, and also gave in evidence a mortgage thereof from himself to said Jackson, of even date therewith, and recorded on the. 22d of said month, with a receipt endorsed thereon by said Jackson of payment of the sum secured thereby, dated February 27, 1862 : also, a release from Jackson to him, of said lots from the lien of said mortgage, dated June 3, 1859, recorded February 22, 1869.

As between the plaintiffs and defendant, and those claiming under him, the after acquired title of Jackson from Hoyt enured by virtue of the covenants of warranty in the respective deeds to the benefit of Mrs. Burke, and this fact, but for the deed from Jackson to Hitchcock, recorded before defendant's deed from Jackson [the land being vacant, so that no possession of plaintiffs has been disturbed] would have reduced plaintiffs' claim to sue for nominal damages merely, for, as remarked in *Baxter vs. Bradbury*, 20 *Maine* 260, though by the breach of the covenants in. question, as thereby the title wholly fails, the law restores to the plaintiff the consideration paid with interest, yet if by virtue of another covenant in the same deed, also intended to secure to her the subject matter of the conveyance, she has obtained that seisin, it would be altogether inequitable that she should have that seisin, and also the consideration paid for it; that is to say : that if there exist facts which would render inequitable the application of the rule, that such covenants, if broken at all, are broken as soon as made, and the purchaser's right of action to recover back he consideration is then perfect, such facts are to be taken into consideration by the jury, not as a bar to the action,

Burke et al. v. Beveridge.

but in mitigation of damages.   *Sedgwick on Damages*, 176, *and cases cited.   McCarty vs. Leggett*, 3 *Hill*, 134.

The burden, however, is on the defendant to show the existence of such facts, and this, we think, he has, in the present case, failed to do.   It is plain, that if such after acquired title is void, in plaintiffs' hands, as against Hitchcock, it would be inequitable that while Hitchcock held the property, defendant should keep what plaintiffs paid him for it.

Now the defendant concedes, and it is unquestionable, that the deed from Jackson to Anna Burke, not having been recorded till after the making and recording of that from Jackson to Hitchcock, is *prima facie* void, as against the latter.   (*Jackson vs. Given*, 8 *Johns.*, 139 ; *Durhamvs. Day*, 15 *Johns.*, 567.)  But he suggests that the record of the mortgage given by defendant to Jackson, ought, with that of the deed to her, to operate to rebut the presumption of Hitchcock's good faith.

But it is entirely clear, that the record of that deed and mortgage was not constructive notice to Hitchcock.   2 *Lead. Cases in Eq.*, 181, *and cases cited.*   And as there was therefore no presumption of law that he knew of their existence, and as the fact that such record existed would have of itself no tendency to prove that he knew it did, and as defendant introduced no evidence tending to prove any actual notice, not even that Hitchcock examined the records before taking his deed, there was no error in the failure of the court below to submit the question of actual notice to the jury.

Defendant's evidence, therefore, as it left the after acquired title void as against Hitchcock, furnished no ground for reduction of plaintiffs' damages, below what they would otherwise have been entitled to recover, viz :

In the eleventh line, for "Anna Burke," read "him."

the value of the property, viz: a house and lots in West St. Paul, which constituted the consideration, not exceeding $500, and interest.

On this point the defendant called a witness, who testified as follows: " I was acquainted with the condition of the property at the time of the sale; at that time the lots were under water, the house partly submerged. Plaintiff was compelled to move out of the house by reason of the overflowing of the water. At that time there was a mortgage on the property amounting to $400. There was a note accompanying the mortgage for that amount. The note was due six months from date, and bore interest at the rate of two and one-half per cent. per month. The mortgage was foreclosed. I was familiar with the value of property at that time in and about the city of Saint Paul. I was not, however, acquainted with this property until about a year afterwards." He was then asked, "How much in your judgment was that house and the lots worth at the time of the conveyance thereof to the defendant in June, 1859?" which was objected to and excluded, and we think correctly. The witness, though he knew the condition of the property at the time of the sale, as to its being then under water, and under mortgage, expressly said that he did not become acquainted with it till about a year after. However competent he might have been to give an opinion as to the value of land and lots generally, it was plainly a prerequisite of his ability to do so with respect to a tenement, that he should have been acquainted with it at the time inquired of. As remarked by the court below, it might then be in good condition, and in a year after from the action of the elements, neglect or ill usage, have been worthless, and the witness' opinion was sought as to the value of the house and lots collectively.

Burke et al. v. Beveridge.

The evidence from the records of the chain of title to the premises, from the United States to Hitchcock, offered by plaintiffs and objected to by defendant, on the ground that there was no outstanding title alleged in the complaint to be adverse to defendant, at the time of his deed to plaintiff, Anna Burke, was admissible to show her want of title, and a breach of the covenant alleged to be broken. In the appellant's brief, the deed to Hitchcock is spoken of as a quitclaim, but the respondents assert it to have been as above stated. From the return, it does not appear which it was. Whatever is necessary to support the judgment, will be presumed, as it is for the appellant to show error, or none will be deemed to have occurred. In this opinion, therefore, the deed is taken to have been as stated by respondents; and if the deed to Hitchcock might have been more properly introduced in rebuttal, the order of evidence is discretionary with the court below. The action was not barred by the statute of limitations. The cause of action accrued to Mrs. Burke, who being married, was within the express words of the exception [*Gen. Stat. chap.* 66, *sec.* 17, *p.* 452] and therefore entitled to avail herself of it.

The order of the court of common pleas is affirmed.