EDWARD E. COLE *vs.* WESTERN UNION TELEGRAPH COMPANY.

February 14, 1885.

Telegraph Company—Negligence—Printed Conditions on Telegraph —Condition as to Claim for Damages.—The printed blank forms in common use by a telegraph company contained the following condition: "No claim for damages shall be valid unless presented in writing within thirty days after sending the message;" and beneath the blank space for the message and place of signature was printed in large type, "Read the notice and agreement at the top." *Held,* that one who filled up and signed a message upon such blank form was presumed to have had notice of such condition, and was bound by it as a part of his contract with the company. *Held, also,* that the same was a reasonable stipulation and not contrary to public policy.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*I. V. D. Heard,* for appellant.

*C. D. O'Brien,* for respondent.

VANDERBURGH, J. The plaintiff claims damages for the defendant's alleged negligence in unreasonably delaying to send a telegraphic message over its line from St. Paul to Chicago. The message, which, with accompanying conditions, is made part of the complaint, is entitled, "Half-rate Message." Then follow printed terms and conditions, among which is included the following: "No claim for damages shall be valid unless presented in writing within thirty days after sending the message;" followed by a direction as follows:

"Send the following half-rate message, subject to the above terms, which are agreed to:

"ST. PAUL, MINN., March 23, 1884.

"*To McCormick, Adams & Co., Chicago:* Close my deal.

[Signed] "E. E. COLE.

"☞ *Read the notice and agreement at the top.*"

The blank form on which the message was written was the one in common use by the company, and there is no evidence or suggestion that the plaintiff was misinformed, or in any way misled, as to the nature or contents of the instrument signed by him. Under the circumstances of the case, as they appear, he must be presumed to have had notice of its terms and conditions. *Wolf* v. *W. U. Tel. Co.*, 62 Pa. St. 83; *Belger* v. *Dinsmore*, 51 N. Y. 166. It follows, therefore, that the terms embraced in the printed form became part of the contract between the plaintiff and the company, and are binding on him in so far as they are reasonable regulations. *Schwartz* v. *Atlantic & Pac. Tel. Co.*, 18 Hun, 157; *Young* v. *W. U. Tel. Co.*, 65 N. Y. 163; *Grinnell* v. *W. U. Tel. Co.*, 113 Mass. 299; *Heimann* v. *W. U. Tel. Co.*, 57 Wis. 562.

It cannot be contended that a regulation requiring the sender of a message to present his claim for damages in writing promptly to the company is an unreasonable one. Considering the character of its business, such regulation would be necessary for its own protection, and to enable it seasonably to ascertain the facts in the case, and to secure or preserve the proper evidence. It is not a regulation intended to shield the company from the consequences of a neglect of duty on its part, but prescribing a duty to be performed by the plaintiff before he should be entitled to maintain his action. *Wolf* v. *W. U. Tel. Co.*, *supra*. A similar rule is well established in insurance cases. *Young* v. *W. U. Tel. Co.*, 34 N. Y. Super. Ct., 390. No reason is apparent why 30 days is not a reasonable limit to fix in such cases, and no suggestion is made that the plaintiff did not have ample opportunity within that time to present his claim. *Heimann* v. *W. U. Tel. Co.*, *supra*. It is, however, expressly admitted that he did not comply with such condition, and no claim was made till suit brought,

more than 60 days after the dispatch was sent.   He was not, therefore, entitled to recover.

Judgment reversed.