JAMES NASER et al., Respondents, *v.* THE FIRST NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

An exception is essential to raise a question of law, and while for that purpose an exception to a finding of fact may be effectual, where there is no evidence to support the finding, if there is no exception, it is not the subject of review here.

In an action brought under the Code of Civil Procedure (§ 677), in aid of an attachment, the complaint alleged, in substance, that D. & Co., the defendants in the attachment suit, owned a claim or demand against N., the plaintiff therein, which they forwarded to the defendant in this action for collection; that it received the amount thereof and immediately thereafter the attachment was served upon it by delivering to one of its officers a certified copy thereof, with notice that by virtue thereof the sheriff attached said claim and all property of D. & Co. in defendant's possession. *Held*, that a motion to dismiss the complaint on the ground that it failed to state a cause of action was properly denied; that as the claim resulting from the collection by the defendant was not capable of manual delivery, the levy was valid. (Code Civ. Pro. § 649.)

The court found that the claim in question was a bill of exchange drawn by D. & Co. upon N. which was indorsed by said firm and delivered to McC. & Co. in London, for the purpose of being transmitted to defendant to collect for the drawee, and that McC. & Co., in pursuance of said employment, indorsed and transmitted it to defendant at New York, where the drawee resided. *Held*, that defendant having made no advances to McC. & Co. on account of the draft, might be deemed to have collected it, as the agent of and for the drawer; that, therefore, the claim arising from the collection was due to the latter from defendant, not to McC. & Co.; and so said claim was properly subject to the levy made.

The court also found, at the request of defendant, that D. & Co. delivered the bill of exchange to McC. & Co. for collection as agents of D. & Co. and for their account. *Held*, that there was not necessarily any conflict between the findings; that the fact the bill was delivered to McC. & Co. for collection was not inconsistent with the fact that within the agency was the employment to transmit to defendant for collection, and that the latter received it from D. & Co. through McC. & Co.

*It seems* that in this state, where commercial paper is delivered by the owner to an agent to collect at some place remote from that of the business of the agent, it is not within the implied authority of the agent to employ a sub-agent in the locality of the person from whom payment is sought to make the collection on account of the owner; and if, without some understanding or qualification of his authority, the collecting agent employs another to collect, he does so upon his own responsibility and he alone is chargeable to his principal.

*It seems,* however, that the correspondent of the collecting agent may not, unless he has made advances to the latter in good faith upon the paper, retain the proceeds of it as against the owner; the latter may revoke the agency he has conferred and seek the paper or its proceeds in the hands of the correspondent.

(Argued October 21, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment in favor of the plaintiffs, entered on decision of the court on trial without a jury.

This action was brought by leave of the court to recover, for application upon a judgment in favor of plaintiff Naser against Deneken & Co., the amount of a claim alleged to have been collected by the defendant for Deneken & Co., and upon which it is also alleged that an attachment, issued in the action in which such judgment was recovered, had been levied.

It appears that Deneken & Co., drew on Naser a draft as follows : ·

"LONDON, 19th *June,* 1880.

"At sight pay this first of exchange second and third, not to our order, eight hundred and seventeen pounds nine shillings sterling value in ourselves, which place to account as advised by

"DENEKEN & CO.

"To JAMES NASER, 7 *Beaver street, New York.*"

The draft was indorsed : " Pay Messrs. McCulloch & Co., or order, value in account. Deneken & Co.," and was handed to McCulloch & Co., who indorsed upon it : " Pay the First National Bank of New York, or order. McCulloch & Co.," and sent it to and it was received by the defendant. Afterwards the drawee delivered to the defendant, and it received, in payment of the draft, his certified check for $3,986, and immediately thereafter the sheriff levied the attachment. Judgment in that action was afterward recovered against ·

Deneken & Co. for upwards of $10,000, and after the defendant had refused to deliver or pay to the sheriff the amount of such claim to apply upon the execution issued on such judgment, this action was commenced.

Further facts appear in the opinion.

*Fisher A. Baker* for appellant. The complaint did not state facts sufficient to constitute a cause of action, and the motion made before the introduction of the plaintiff's evidence to dismiss the complaint should have been granted. (Code, § 449; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Pope* v. *T. H. C. Mfg. Co.*, 107 id. 66.) There has been no levy under the attachment, and hence no suit will lie to aid the levy. (Code, §§ 648, 649; *Anthony* v. *Wood*, 96 N. Y. 185; *Warner* v. *Fourth Nat. Bk.*, 44 Hun, 375; *Hankinson* v. *Page*, Daily Reg., July 26, 1887.) If findings are supposed to be contradictory, the appellant may regard those in his favor as the most accurate. (*Schwinger* v. *Raymond*, 83 N. Y. 193; *First Nat. Bk.* v. *Halstead*, Daily Reg., Nov. 14, 1887; 46 Hun, 677.) When nothing is said on the subject, and the contract is to be implied from the mere act of placing the paper in the bank, by accepting it, it undertook absolutely its collection. (Daniell on Bills and Notes [2d ed.] § 345, p. 281; Morse on Banking, 384; *Phelan* v. *I. M. Bk.*, 16 N. B. R. 308; *Hoover* v. *Wise*, 91 U. S. 313; *Exchange Bk.* v. *T. Nat. Bk.*, 112 id. 283.) Action for money had and received will not lie, except when the facts will raise an implied contract to hold the money for the use of the plaintiff. (*Williams* v. *Everett*, 14 East, 582; *Stephens* v. *Babcock*, 3 B. & Ad. 361; 2 Addison on Contracts, 602; *Buckley* v. *Jackson*, L. R., 3 Exch. 135.) Upon the collection of the draft the defendant became the debtor of McCulloch & Co., its depositor. (Daniell on Bills and Notes, § 334; Morse on Banking [2d ed.] 384; *Marine Bk.* v. *Fulton Bk.*, 2 Wall. 252; *Phœnix Bk.* v. *Risley*, 111 U. S. 127; *Chapman* v. *White*, 6 N. Y. 412; *Ætna Nat. Bk.* v *F. Nat. Bk.*, 46 id. 82; *Atty.-Gen.* v. *Cont. L. Ins. Co.*, 71 id. 331; Grant on Banking, 3.) The defendant owed

Deneken & Co. nothing, and there was no privity of contract between them. (Drake on Attachment, § 547; *Thurber* v. *Blanck*, 50 N. Y. 86; *Castle* v. *Lewis*, 78 id. 137; *Greenleaf* v. *Mumford*, 35 How. 148; 4 Abb. [N. S.] 130; *Lanning* v. *Streeter*, 57 Barb. 33; *U. S. Trust Co.* v. *Wiley*, 41 id. 477; *Matter of True*, 4 Abb. N. C. 90; *Butler* v. *Sprague*, 66 N. Y. 392; *Anthony* v. *Wood*, 96 id. 185; 29 Hun, 239.) The relation between defendant and McCulloch & Co., and between McCulloch & Co. and Deneken & Co., was that of debtor and creditor. (Grant on Banking, 3; *Foley* v. *Hill*, 2 H. of L. Cas. 28; *Marine Bk.* v. *Fulton Bk.*, 2 Wall. 256; *Ætna Nat. Bk.* v. *F. Nat. Bk.*, 46 N. Y. 82; *McBride* v. *Farmers' Bk.*, 26 id. 450; *Dickerson* v. *Wasson*, 47 id. 439.) A collecting agent is indebted to no one for moneys collected but his immediate principal, and is liable only to such principal. (*Miller* v. *Aris*, 1 Selw. N. P. 103; *Snowden* v. *Davis*, 1 Taunt. 359; *Hall* v. *Lauderdale*, 46 N. Y. 70; *Costing* v. *Newland*, 12 Barb. 458; 1 Add. on Cont. 125; *Sadler* v. *Evans*, 4 Burr, 1985; *Greenwood* v. *Hurd*, 4 T. R. 553; *Dixon* v. *Hammond*, 2 B. & Ald. 313; *Goodall* v. *Lowndes*, 6 Q. B. 464.) When a bank, intrusted with the collection of commercial paper, employs another bank, the latter is responsible to its employer alone, and not to the owner of the paper. (*Allen* v. *Merch. Bk.*, 22 Wend. 215; *Britton* v. *Nichols*, 104 U. S. 757; *Bank of Orleans* v. *Smith*, 3 Hill, 560; *Commercial Bk.* v. *Union Bk.*, 11 N. Y. 212; *Hoover* v. *Wise*, 91 U. S. 308; *Exchange Bk.* v. *T. Nat. Bk.*, 112 id. 283; *Reeves* v. *State Bk.*, 8 Ohio St. 465; *Echarte* v. *Clark*, 2 Edm. S. C. 445; *Fabens* v. *Mercantile Bk.*, 23 Pick. 330; *E. H. Bk.* v. *Scovil*, 12 Conn. 304; *M. C. Bk.* v. *A. C. Bk.*, 7 N. Y. 459, 462, 463.)

*Samuel Untermyer* for respondents. There is a distinction between the case of a draft which is delivered to any agency where the drawee resides for collection, and one in which it is delivered merely to an agency at the residence of the drawer for transmission to another agent at the place where the drawee

resides. (*M. Bk.* v. *A. Bk.*, 7 N. Y. 459; *Bank of Orleans* v. *Smith*, 3 Hill, 563; *Bank of Washington* v. *Triplett*, 1 Peters, 30; *Brittan* v. *Niccolls*, 104 U. S. 757; 15 Wend. 482.) It is immaterial whether the defendant was the agent of Deneken & Co. for collection or merely to transmit; in any event, the money in its hands confessedly belonged to Deneken & Co. when it was attached as their property; McCulloch & Co. had no real right, title or interest in the money, even as between them and the defendant. (*Echarte* v. *Clark*, 2 Edm. S. C. 445; *Warner* v. *Lee*, 6 N. Y. 144; Drake on Attachments [4th ed.] 1873, § 491, p. 383; Morse on Banks and Banking, 300; *Dickerson* v. *Watson*, 47 N. Y. 439; *Jackson* v. *Bk. U. S.*, 10 Penn. St. 61; *F. and M. Bk.* v. *King*, 57 id. 202; *Britton* v. *Nichols*, 104 U. S. 757; *Commercial Bk. of Clyde* v. *Marine Bk.*, 1 Abb. Ct. App. Dec. 405.)

BRADLEY, J. The motion to dismiss the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action was properly denied. It alleges that the defendant had in its possession and control the claim or demand against Naser, belonging to Deneken & Co.; and that by their directions it had been sent through their agents, McCulloch & Co., to the defendant; that it received for Deneken & Co. the amount of it, and that immediately thereafter, and while the sum collected was in its possession, the attachment was levied.

The averments as to the levy were that the sheriff "did serve upon the defendant said attachment by delivering to one of the officers of defendant personally a certified copy of said attachment," and notice was then and there given to defendant that the said Peter Bowe, as sheriff, did, by virtue of said attachment, attach the said claim of Deneken & Co., and all property of Deneken & Co. then in possession of the defendant.

The facts are sufficiently alleged that Deneken & Co. owned the claim, and that the amount of it was due them

from the defendant. And all other facts requisite to the cause of action were also alleged. (Code, §§ 655, 677).

The objection made, so far as appears, for the first time, on this review, that no sufficient levy of the attachment was made to support the action, is not well taken. This objection seems to have been made upon the ground that the officer sought to levy it upon the check which Naser gave the bank in payment of the draft; and, that as it was not taken into the custody of the sheriff, no effectual levy was made. If such were the fact, and it was available to the defendant, the objection might be urged with some force, as the statute provides that a levy under a warrant of attachment must be made upon a promissory note or other instrument for the payment of money by taking the same into the sheriff's actual custody. (Code, § 649.) But this question is disposed of by the finding of the trial court that the sheriff attached the claim referred to of Deneken & Co., and all their property in the possession of the defendant. And as the claim, resulting from the collection by the defendant of the draft, was not capable of manual delivery, the fact of levy, as found, was sufficient. (Id.) And as there was no exception taken to such finding it is not the subject of review here. An exception was essential to raise a question of law, and may have been effectual for that purpose if there was no evidence tending to support the finding. (Id. §§ 993, 994; *Sickles* v. *Flanagan*, 79 N. Y. 224; *Bedlow* v. *N. Y. Floating, etc., Co.*, 112 id. 263.) The evident design was to levy the attachment upon the alleged claim due Deneken & Co. arising from the payment of the draft to the defendant.

The main question for consideration is, whether the relation between those parties was such, that the payment to the defendant made the latter a debtor of Deneken & Co. by whom the draft was drawn, indorsed and delivered to McCulloch & Co. in London. They indorsed and transmitted it to the defendant in New York, where the drawee resided. If it be assumed, as contended by the defendant's counsel,

that McCulloch & Co. were employed by the drawer to collect the draft, and that such was the unqualified contractual relation between them, there was no privity of contract between the defendant and Deneken & Co. In such case McCulloch & Co. would be the defendant's principal, and to them it would be responsible. (*Colvin* v. *Holbrook*, 2 N. Y. 126; *Costigan* v. *Newland*, 12 Barb. 456.) And the payment to the defendant would be treated as payment to McCulloch & Co., and they would then become the debtors of their principal on that account.

There is some conflict of authority on the subject of the relation to the holder of business paper, of a party to whom it is transmitted by the individual or bank employed by him to collect it. In some of the states it is held that it is within the implied authority of the collecting agent, when the paper is to be collected at some place remote from that of the business of the collecting agent, so employed, for him to employ a sub-agent in the locality where the party from whom payment is sought may be, to make the collection on account of the holder.

But in this state it is quite well settled that no such authority from the owner of the paper to the party employed by him is implied, and that without some understanding to that effect, or qualifying his liability in that respect, he is deemed to make such selection and employment of another, on his own account, to transact the business of collection. He assumes the resposibility and is alone chargeable to his principal for the conduct, in the premises, of the person or bank so engaged by him, and to whom he transmits the paper for collection. And their relation is that of principal and agent, with the duties and responsibilities incident to such relation. (*Allen* v. *Merchants' Bank*, 22 Wend. 215; *Montgomery Co. Bank* v. *Albany City Bank*, 7 N. Y. 459; *Ayrault* v. *Pacific Bank*, 47 id. 570.) And such is the doctrine of the United States Supreme Court on the subject. (*Hoover* v *Wise*, 91 U. S. 308; *Exchange N. Bk.* v. *Third N. Bk.* 112 id. 276.) And so far as the *Bank of Orleans*

v. *Smith* (3 Hill, 560), is not in harmony with that view it was disapproved in *Montgomery County Bank* v. *Albany City Bank* (*supra*).

But it does not follow that the correspondent of the collecting agent, unless he has made advances to the latter in good faith upon the paper, can, as against the owner, retain the proceeds of it. The latter may revoke the agency he has conferred, and seek the paper or its proceeds in the hands of such correspondent, or he may follow it and reach them until it or they have found their way into the hands of a *bona fide* holder, for value, who has taken it from the party clothed with the apparent title. This is an equitable right not necessarily resting in privity of contract with the party from whom such relief is sought. The occasion for it usually arises from the insolvency of his collecting agent, or some other cause rendering such remedy desirable for his protection. (*Warner* v. *Lee*, 6 N. Y. 144; *Commercial Bank* v. *Marine Bank*, 1 Abb. Ct. App. Dec. 405; *Dickerson* v. *Wason*, 47 N. Y. 439; *F. and M. N. Bank* v. *King*, 57 Penn. St. 202.)

In the present case there was no disaffirmance by Deneken & Co. of the agency of McCulloch & Co., nor were any steps taken by the former to charge the defendant with the duty or liability to pay directly to them the proceeds of the draft. But whether in such case a claim in the hands of the defendant, subject to levy of the attachment, would result from the collection by it of the draft, is a question, which, in view of the facts as found by the trial court, does not necessarily arise, and the consideration of it is not further pursued here. The court found that Deneken & Co. delivered the draft to " McCulloch & Co. at the city of London, England, upon the employment to transmit such claim to the defendant, at the city of New York, for collection;" and " that the said firm of McCulloch & Co., in pursuance of the employment of Deneken & Co., did forward or send to the defendant aforesaid the claim or demand, and did instruct and direct the defendant to collect from said James Naser the said claim or demand;" also, " that in pursuance of such employment the

defendant did receive from Deneken & Co., through their said agent, McCulloch & Co., the aforesaid claim or demand, and after having received the same, the defendant did receive for Deneken & Co. the sum of $3,986 in payment of the said claim."

The facts so found are clearly to the effect that McCulloch & Co. were employed by Deneken & Co. to transmit the draft to the defendant to collect it for the drawer. The consequence of the facts represented by such findings was that McCulloch & Co. discharged their duty to the drawer when they transmitted the draft to the defendant with directions to collect it; that such transmission was made through them by Deneken & Co., and having made no advance upon it to McCulloch & Co., the defendant may be deemed to have collected it as the agent of and for the drawer of the draft, and, therefore, the claim arising from the collection was due to the latter from the defendant. (*Bank of Washington* v. *Triplett*, 1 Pet. 25.) In that view the claim was properly subject to the levy made of the attachment. The trial court found, upon the request of the defendant, that "Deneken & Co. delivered the bill of exchange to McCulloch & Co. for collection as the agents of Deneken & Co., and for their account." If this finding essentially differs from the others, the defendant is entitled to the benefit which it may give, as that the most favorable to the defendant, is available in aid of its exceptions. (*Bonnell* v. *Griswold*, 89 N. Y. 122.) But all the findings, so far as they reasonably can be so construed, must be reconciled. (*Green* v. *Roworth*, 113 N. Y. 462.) There is not necessarily any conflict between those findings. The fact that the bill was delivered for collection to the London bankers, as agents of the drawer, is not inconsistent with the other facts as found, that within the agency was the employment to transmit the draft to the defendant for collection, and that the latter received it from Deneken & Co. through McCulloch & Co.

These views lead to the conclusion that, upon the facts as found, the levy of the attachment was effectually made, and

that none of the exceptions to the conclusions of law which the court found or refused to find were well taken. The question of the sufficiency of the evidence to support the principal findings before mentioned, was raised by exception to the denial of the motion to dismiss the complaint.

The motion was properly denied. There was some evidence to permit the finding that it was within the authority of McCulloch & Co. to transmit the draft for the drawer to the defendant, and that it was sent accordingly. The evidence of some of the members of the firm was that they sent the draft to the defendant for collection for the firm of Deneken & Co., which is neither affirmed or denied by the evidence of Mr. Deneken produced at the trial. And the fact that McCulloch & Co. had no account with the drawer of the draft is consistent with that view of the evidence. The question of the weight of the evidence is not here for consideration.

If these views are correct, the judgment should be affirmed.
All concur.

Judgment affirmed.