OTTO STREISSGUTH and another *vs.* NATIONAL GERMAN-AMERICAN BANK.

February 24, 1890.

**Bank—Collections—Liability for Correspondent.—**A bank with which a customer has left for collection his draft upon a party residing at a distant point is liable for the failure and default of a correspondent to whom it forwarded the draft for collection.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Brill,* J., who found the facts substantially as follows: During more than five years next before suit brought the defendant (a national bank) was accustomed to receive from its customers (including plaintiffs) for collection, and to collect for them, all drafts and checks left with it for collection, and, in collecting from persons living at remote places, to send them to its correspondents at or near such places. On November 13, 1888, plaintiffs deposited with defendant for collection their draft for $137.52, on a mercantile firm doing business at Lake Crystal, Blue Earth county, in this state, about 100 miles from St. Paul. The defendant, on November 14th, sent the draft in due course of business, to its correspondent, a bank of good standing and credit at Lake Crystal, to which it was paid by the drawees on November 24th, and which became insolvent on November 28th, and has never paid over the amount collected. The draft was received by defendant in the usual course of business and without any express agreement. The defendant exercised ordinary care and prudence in selecting such bank as its agent to collect the draft. In the usual course of business a small charge for collection (called exchange) was made,—in

this case 52 cents, such exchange being retained by defendant's correspondent, and the defendant would pay plaintiffs the amounts collected from their drafts, less such exchange, plaintiffs not knowing who received the exchange. As conclusions of law the court held that defendant was liable for its correspondent's default, and ordered judgment for the amount of the draft with interest from November 30, 1888.

*John B. & W. H. Sanborn*, for appellant.

*Young & Lightner*, for respondents.

COLLINS, J. The single question presented by this appeal is whether a bank with which a customer has left for collection his draft upon a party residing at some distant point can be held responsible for the failure and default of a correspondent to whom the bank has forwarded the draft for collection. It must be admitted that there is apparently a great conflict of precedents upon this precise question, and it is possible that, as contended by the appellant, the weight of the authorities, numerically speaking, is with the proposition that when, under such circumstances, a bank has exercised ordinary care and prudence in the selection of a correspondent to whom it transmits a draft, bill, or note for collection, and remittance of the proceeds, its liability terminates, because, as it is necessary and customary, and in the usual course of business, for banks to collect through correspondents, of which necessity, custom, and course of business the owners and holders of paper have full notice and knowledge, it must be held that they have assented to and authorized the work of collection through others. The question involves a rule of general application and of commercial law. As it concerns trade between different and distant places, and, in the absence of a statute or contract or usage which has obtained the force of law, is not to be determined according to the views or interests of any particular persons, classes, or localities, it should be decided according to those principles which govern and best promote the general welfare of the entire commercial community, and in accordance with the general principles which apply to all who contract to perform a service. When the appellant received the draft for collection, it entered into a contract, by implication, to perform such duties as were necessary for the protection of its customer.

It agreed to collect the paper itself, not to procure the services of another to make the collection.   The plaintiffs had no voice in the selection of appellant's agent or correspondent, and it is difficult to see why banks and banking-houses should be excepted from the operation of a cardinal and well-established principle of law, that every person is liable for the acts of such agents as may be appointed or designated by him to transact such business as he has undertaken to perform for others.   The appellant, having undertaken the collection of the paper, stands in the attitude of an independent contractor, who, having unrestrained liberty so to do, has designated a subagent, and is therefore answerable for his neglect, failure, or default.   It is true that in the adjudicated cases cited by the appellant strong arguments are found, and cogent reasons stated, in support of its position; but we are of the opinion that the conclusion we have reached is the sounder one upon principle.   It is also sustained by the supreme court of the United States, and the courts of last resort of several of the states, including that of the great commercial centre, New York.   It is also the rule in England.   *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S. 276, (5 Sup. Ct. Rep. 141;) *Allen* v. *Merchants' Nat. Bank,* 22 Wend. 215; *Ayrault* v. *Pacific Bank,* 47 N. Y. 570; *Simpson* v. *Waldby,* 63 Mich. 439, (30 N. W. Rep. 199;) *Titus* v. *Mechanics' Nat. Bank,* 35 N. J. Law, 588; *Reeves* v. *State Bank,* 8 Ohio St. 465; *Tyson* v. *State Bank,* 6 Blackf. 225; *Am. Express Co.* v. *Haire,* 21 Ind. 4; *Mackersy* v. *Ramsays,* 9 Clark & F. 818; *Van Wart* v. *Woolley,* 3 Barn. & C. 439.

Judgment affirmed.