FORT DEARBORN NATIONAL BANK OF CHICAGO v. SECURITY BANK OF RENVILLE.[1]

July 3, 1902.

Nos. 13,056—(178).

## Collection of Bank Check—Failure to Protest.

Tomlinson, Stafford & Co. issued their check on the Union Stock Yards Bank of St. Paul for the sum of $600, payable to one Holton, who indorsed the same in blank, and presented it to defendant for payment. Defendant cashed it, and immediately sent it to plaintiff at Chicago, its correspondent at that place, for collection and remittance. Upon the receipt of the check plaintiff credited defendant's account with the amount thereof, and defendant subsequently drew it out. Being unable to collect the check, plaintiff brought this action against defendant for money had and received. The evidence is examined and considered, and *held* sufficient to sustain the findings of the trial court to the effect that by plaintiff's failure properly to protest the check for payment the in-

[1] Reported in 91 N. W. 257.

87 M.—6

dorser and drawer thereof were discharged, in consequence of which defendant was damaged prima facie to the full amount of the same.

### Want of Care by Agent—Release of Principal.

Plaintiff was defendant's agent for the collection of the check, and was bound to exercise reasonable care and diligence to protect all the rights of defendant in respect to the liability of the indorser and drawer thereof; and a failure to exercise such care released defendant from liability to plaintiff.

### Measure of Damages—Solvency.

The measure of damages in such cases is, prima facie, the face value of the check, subject to reduction and mitigation, however, by a showing of insolvency of the persons discharged from liability, or other fact showing no damages in point of fact. Solvency is ordinarily presumed, and the burden is upon him who asserts the contrary to prove it.

### Money Had and Received—General Denial.

In an action for money had and received, where the complaint alleges no facts upon which plaintiff relies for recovery, but only that plaintiff paid out for the use and benefit of defendant, and at his request, a specified sum of money, the defendant may, on the trial, under a general denial, offer any evidence at his command to contradict, explain, or avoid the facts proven by plaintiff.

Appeal by plaintiff from an order of the district court for Renville county, Powers, J., denying a motion for a new trial. Affirmed.

*Daly & Barnard*, for appellant.

*A. J. Volstead* and *W. A. McDowell*, for respondent.

BROWN, J.

Action to recover for money had and received. Defendant had judgment in the court below, and plaintiff appeals from an order denying its motion for a new trial.

The facts are as follows: On December 17, 1896, the firm of Tomlinson, Stafford and Co. issued their check for the sum of $600, payable to one E. M. Holton. Holton indorsed the check in blank, and presented it to defendant bank, and received the amount thereof in money. Defendant forwarded the check to plaintiff, its correspondent in the city of Chicago, and plaintiff received the same in due course of mail, for collection and remittance, on December 21, 1896. Upon the receipt of the check

plaintiff credited defendant's account to the amount thereof, and defendant subsequently checked the same out in due course of business. On December 22 plaintiff forwarded the check to the Bank of Minnesota, at St. Paul, to be by it presented to the Union Stock Yards Bank, of the same city, upon which it was drawn, for payment. At about the time the Bank of Minnesota received the check it closed its doors, and was placed in the hands of receivers. The Union Stock Yards Bank also closed its doors at about the same time, and was in charge of the state bank examiner. After an attempt to protest the ·check for nonpayment by a notary public in the employ of the Bank of Minnesota, and also of the receivers in charge of its affairs, the same was returned to plaintiff on February 28, 1897. Plaintiff subsequently brought an action upon the check against a copartnership in Chicago known as Tomlinson, Stafford & Co., claiming therein to own the check; but upon learning that the firm was not the drawer of the check dismissed the action. Subsequently, on February 1, 1901, this action was brought against defendant to recover for money had and received, the theory of the action being that, as plaintiff had paid the check to defendant, and had been unable to collect the same, defendant was bound to reimburse it. So far as the record discloses, the business relations between the two banks continued after this transaction until some time in the year 1898, when they were wholly severed; but it does not appear that prior to severance of such relations plaintiff ever charged the amount of the check back to defendant upon its books. The trial court found as facts that the allegations of the complaint were not true.

Two questions are presented for our consideration: (1) Whether the evidence introduced by defendant in support of its defense was admissible under the pleadings; and (2) whether the evidence is sufficient to sustain the findings of the trial court.

1. The action is to recover for money had and received. The complaint alleges in general terms that plaintiff paid out for the use and benefit of defendant, and at defendant's request, the sum of $600. No facts are alleged showing upon what the cause of action is based. The answer was a general denial. We think the ordinary rule that, where the complaint fails to disclose the facts

in reference to plaintiff's cause of action, the defendant may, under a general denial, introduce any evidence which tends to contradict, explain, or avoid the facts proven by plaintiff on the trial, applies to this case;—the rule that applies in actions to recover real or personal property, where the complaint alleges title in general terms. In such cases defendant is not required to anticipate what facts plaintiff will rely upon at the trial.

2. Plaintiff having received the check in the ordinary course of business for collection was in duty bound to exercise diligence and reasonable care to collect it, properly to protest the same, if necessary, so as to charge the payee, who had indorsed the same in blank, and the drawer with liability. Plaintiff was defendant's agent for that purpose, and was liable for all damages resulting from its failure to exercise due care in that respect. Having transmitted the check to the Bank of Minnesota for collection, plaintiff made that bank its agent, and was liable for its neglect. Streissguth v. National G. A. Bank, 43 Minn. 50, 44 N. W. 797; Boone, Banking, § 204; Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 276, 5 Sup. Ct. 141; Naser v. First National, 116 N. Y. 492, 22 N. E. 1077. Any neglect on the part of plaintiff, or its agent, the Bank of Minnesota, to take proper steps to charge the indorser or drawer, which resulted in their release, operated, in contemplation of law, injuriously to defendant, for which it would be entitled to damages. That the evidence is fully sufficient to sustain the finding of the trial court to the effect that the indorser and drawer of the check were released by the failure and neglect of plaintiff properly to protest the note is very clear. While there was an attempt to present the check for payment by the notary public in the employ of the Bank of Minnesota, the evidence is clearly insufficient to show that the same was duly protested, and the court was warranted in finding that the indorser and drawer were released. Such being the case, it follows that plaintiff cannot recover.

It is urged, however, that it was incumbent upon defendant to show that it suffered some actual damage by reason of the neglect of plaintiff; that defendant should have shown that the drawer of the check and the indorser were solvent; and that their

release resulted, in consequence, injuriously to defendant. But the burden of proof upon this subject was with plaintiff. Solvency is ordinarily presumed, and the burden to prove the contrary is upon the party who asserts it. Grosse v. Cooley, 43 Minn. 188, 45 N. W. 15. In this case the burden was upon plaintiff to show that the drawer of the check and the indorser were insolvent, and that defendant in fact suffered no damage by their release and discharge from liability. The damages suffered in cases of this kind are prima facie the face value of the check, subject to reduction and mitigation by evidence offered for that purpose. West v. St. Paul Nat. Bank, 54 Minn. 466, 56 N. W. 54; Borup v. Nininger, 5 Minn. 417 (523).

It follows that the order appealed from must be affirmed. It is so ordered.