BENJAMIN F. HALL v. P. EDWARD SKAHEN and Another.[1]

July 5, 1907.

Nos. 15,209—(169).

**Money Had and Received.**

In an action to recover as for money had and received, the record is examined, and *held* to present no reversible error.    The evidence reasonably tends to support the findings of the trial court, and whatever errors occurred during the trial in the admission of evidence were without prejudice and not reversible.

**Amendment of Answer.**

The court did not abuse its discretion in denying, at the conclusion of the trial, defendants' motion to amend their answer, setting up a new defense.

Action in the municipal court of Minneapolis to recover $264.41. The case was tried before Waite, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings and from an order denying a motion for a new trial, defendants appealed.    Affirmed.

*Mead & Robertson,* for appellants.

*Savage & Purdy,* for respondent.

[1]Reported in 112 N. W. 865.

BROWN, J.

Action for money had and received, in which plaintiff had judgment and defendants appealed.

Several questions are raised and discussed in the briefs, none of which require extended mention. All save the last point made involve a consideration of the weight of evidence, with reference to which the findings of the trial court are conclusive; there being in the record evidence reasonably tending to support them. It appears that plaintiff was engaged in dealing in starch in car load lots. He was without means, and applied to defendants for financial assistance. They advanced money to him under certain terms and conditions, with which he purchased and disposed of five car loads of starch during the months of June, July, and August, 1905. In the month of September of the same year plaintiff purchased ten car loads of the Union Starch Company of Waupaca, Wisconsin, at the price of $10,000. Defendants provided the money for the purchase. As to just what compensation they were to receive for their financial assistance the evidence is very conflicting. Plaintiff presented one version of their agreement, and defendants presented another. Our examination of the record leads to the conclusion that the evidence tends to support the trial court, and we sustain the conclusion reached by it without further discussion of the facts.

The contention that the court erred in admitting evidence of the first transaction—that is, in reference to the five car loads of starch purchased and disposed of in June, July and August—is not well taken. At least, the admission of the evidence was clearly not prejudicial to the defendants' case, and not ground for reversal.

During the trial of the action certain evidence was received which defendants claim tended to show that prior to the commencement of the action the controversy between the parties was by mutual agreement fully settled and adjusted. At the conclusion of the trial they applied for leave to amend their answer by setting up this settlement. The trial court suggested that it be made by formal motion, which suggestion was subsequently complied with; but the court denied it. Defendants contend that the amendment should have been allowed, to the end that complete justice between the parties might be had, and that the trial court abused its discretion in denying it. We are unable

to concur in this contention. The action, as already stated, was one to recover for money had and received, the facts with reference to which were not pleaded. Defendants by their original answer assumed to know the basis of plaintiff's claim and set up a special defense, making no reference to or intimation of the alleged settlement. Such being the case, defendants were limited on trial to proof of the defense so specially pleaded. The case of Fort Dearborn Nat. Bank v. Security Bank, 87 Minn. 81, 91 N. W. 257, is not in point. No special defense was pleaded in that case, and the court properly held that any evidence tending to controvert the allegations of the complaint was admissible. If a settlement had in fact been made in this case, defendants knew it at the time of interposing their original answer. No excuse was offered for not making it one of the defenses, and, under the circumstances, it was clearly not an abuse of discretion to deny them the right to amend at the conclusion of the trial.

Judgment affirmed.