# H. S. SEMINGSON v. STOCK YARDS NATIONAL BANK.[1]

April 3, 1925.

No. 24,543.

**Depositor in bank bound by notice printed in his pass book.**
    1. If a depositor in a bank accepts and retains a pass book in which there is a printed notice that items received for credit or collection are taken at the depositor's risk and will be charged back to him if dishonored, or if a collecting agent employed by the bank converts the proceeds of the collection, he is bound by the notice whether he signed it or was aware of its contents or not.

**Depositor estopped from claiming deposit was taken by bank under special contract.**
    2. Under the facts stated in the opinion, the depositor could not claim that the bank took a check for collection under a special contract not subject to the terms of the notice.

\*Headnote 1.   See Banks and Banking, 7 C. J. p. 597, § 243 (1926 Anno).
    Headnote 2.   See Banks and Banking, 7 C. J. p. 614, § 277 (1926 Anno).

Action in the district court for Dakota county to recover upon a check. The case was tried before Schultz, J., who directed a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Arthur Le Sueur*, for appellant.
*D. L. Grannis*, for respondent.

LEES, C.
Action to recover the amount of a check received by defendant for collection for plaintiff.

The court directed a verdict for defendant and plaintiff has appealed from the denial of his alternative motion for judgment or a new trial.

[1] Reported in 203 N. W. 412.

Plaintiff is a cattle buyer at Crosby, North Dakota. He opened an account with defendant on October 29, 1923, and made a deposit and received a pass book. On November 3, 1923, he wrote to defendant, as follows:

"Inclose you will find draft for $1,063.42, and one check for $1,025.00, makes a total of $2,088.42; kindly send me credit slip for same. I do not care to buy drafts on this bank here any more."

The check mentioned was drawn by one Allen Person upon the First National Bank of Crosby. The material portion of defendant's reply dated November 5, reads thus:

"We are today in receipt of your remittance of $2,088.42. We are crediting your account with the Chicago check of $1,063.42, and are entering the check of Allen Person for $1,024.00 drawn on the First National Bank of Crosby for collection and as soon as this is collected we will credit your account with same and advise you."

On November 13, plaintiff wrote:

"If the $1,025.00 check given by Allen Person went threw O. K. kindly send credit slip for the two checks I sent you last. Amount $2,088.42."

Defendant sent the Person check to the Citizens National Bank of Crosby for collection. The check was paid, and on November 10 the Citizens bank issued its draft on the First National Bank of Minneapolis for $1,024.50 and sent it to defendant. It was received on November 13, and credited to plaintiff's account. The draft was put in the usual channel for collection and presented to the First National Bank of Minneapolis on November 14, but payment was refused for want of funds, and the draft went to protest. On November 15 defendant charged the draft back to plaintiff, and on November 27 sent it by mail to plaintiff's attorney at Crosby and this action followed.

The complaint did not charge defendant with negligence in selecting the Citizens National Bank as an agent to collect the check. It alleged that defendant had accepted the check for collection and had made the collection and given plaintiff credit for the amount

it received, and then wrongfully charged it back to plaintiff, and refused to pay it.

The answer pleaded a notice in the plaintiff's pass book which reads thus:

"All items not payable in South St. Paul, received by this bank for credit or collection, are taken at the owner's risk. This bank, as agent for the owner, will forward same to collecting agents out of this city, but should such collecting agents convert the proceeds, or remit in checks or drafts which are thereafter dishonored, the amount for which credit has been given will be charged back and the dishonored paper delivered to the owner. This bank assumes no responsibility for neglect or default of collecting agents."

The answer also alleged that plaintiff became a depositor under the conditions stated in the notice and that it was the custom of banks in South St. Paul, in taking foreign checks for collection, to send them to another bank in the town where the drawee bank was located, and that in handling the Person check the usual custom was followed.

The reply alleged that plaintiff had no knowledge of the notice in the pass book.

At the trial plaintiff offered to prove that he did not see the notice in his pass book before he sent the Person check to defendant and did not know that the book contained such a notice, but defendant's objections to this line of proof were sustained.

There is a divergence of opinion among the courts as to the responsibility of a bank to a depositor for whom it undertakes to collect commercial paper.

In this state the rule is thus stated in Streissguth v. National G.-A. Bank, 43 Minn. 50, 44 N. W. 797, 7 L. R. A. 363, 19 Am. St. 213:

"A bank with which a customer has left for collection his draft upon a party residing at a distant point is liable for the failure and default of a correspondent to whom it forwarded the draft for collection."

The rule was restated in Ft. Dearborn Bank v. Security Bank, 87 Minn. 81, 91 N. W. 257, and applied in Johnson v. Dun, 75 Minn. 533, 78 N. W. 98, to an agent for collection other than a bank.

The cases in other jurisdictions are collected in a note in 19 A. L. R. pp. 263-267.

The principle which runs through the cases is this:

If an agent employs a subagent for his principal, by authority of the principal, express or implied, the subagent is the agent of the principal. In such a case the agent is not liable for the negligence of the subagent, unless he failed to use due care in the selection of the subagent.

If, however, the agent undertook to do the business for his principal and employed a subagent on his own account, he is responsible to the principal for the manner in which the business was done, whether by himself or by the subagent upon the theory that the agent stands in the position of an independent contractor at liberty to perform his undertaking by agencies of his own selection. 1 Mechem, Agency, (2nd ed.) § 1311.

To determine whether a particular case is in the one class or the other, a court must know the terms of the contract between the principal and the agent. In the present case the bank relies on an express contract, the terms of which are set out in the notice printed in the pass book.

If the court below was right in holding that, by accepting the pass book, the plaintiff assented to and became bound by the provisions contained in the notice, and there was no special contract, plaintiff cannot recover.

If plaintiff had placed his signature beneath the notice, or if his attention had been called to it, there could be no doubt about the result.

That would have to be conceded even if full effect were given to the doctrine of Los Angeles Inv. Co. v. Home Sav. Bank, 180 Cal. 601, 182 Pac. 293, 5 A. L. R. 1193. The weight of authority is to the effect that, if a depositor in a savings bank accepts and retains a pass book containing printed rules of the bank, he is deemed to have consented that the rules should become a part of the contract be-

tween him and the bank. It may be that a depositor in such a bank does not occupy the same position as a depositor in a commercial bank, but the principle is the same and is recognized in other business transactions in which the terms under which the parties deal with each other are expressed in an instrument delivered by one to the other.

In Watkins v. Rymill, 10 Q. B. Div. 178, the court held that a notice printed on the face of a receipt delivered to plaintiff by defendant when he received certain property for sale on commission was binding on defendant. The applicable principle is thus stated in the syllabus:

"If a document in a common form is delivered by one of two contracting parties to and accepted without objection by the other, it is binding upon him whether he informs himself of its contents or not."

The wide scope of the principle is illustrated by cases having to do with bills of lading, Porteous v. Adams Exp. Co. 112 Minn. 31, 127 N. W. 429, 4 R. C. L. p. 777, 10 C. J. p. 194; express receipts, Christenson v. American Exp. Co. 15 Minn. 208 (270), 2 Am. Rep. 122; railroad tickets which purport to set out the terms of a special contract, 4 R. C. L. p. 1127, 10 C. J. p. 702; forms for telegraphic messages, Cole v. Western Union Tel. Co. 33 Minn. 227, 22 N. W. 385; Jones, Tel. Cos. § 412; insurance policies, Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485, 7 Ann. Cas. 1144; Blinn v. Chessman, 49 Minn. 140, 145, 51 N. W. 666, 32 Am. St. 536, and see McMillan v. Mich. R. Co. 16 Mich. 79, 113, 93 Am. Dec. 208.

We conclude, therefore, that the principle of the savings bank cases summed up in Bulakowski v. Phila. Soc. 270 Pa. St. 538, 113 Atl. 553, is applicable to the case at bar, and that plaintiff is bound by the provisions of the printed notice contained in his pass book.

Plaintiff sought to avoid the effect of the notice by pleading a special contract for the collection of the check. At the trial his counsel stated that a recovery was sought on the theory that defendant had no right to accept anything but money in payment of the check and should have directed the Citizens National Bank to make remittance in currency and not by draft.

Under certain circumstances, it might be possible to charge a bank with negligence because it did not require another bank to remit in cash the proceeds of a collection made for a depositor. But the alleged special contract cannot be construed to obligate defendant to direct the Citizens National Bank to send money instead of a draft when it made the remittance, and, in the absence of any allegation or proof of negligence, defendant cannot be charged with the loss caused by the dishonor of the draft.

Defendant's right to rely on the notice in the pass book as a defense is not defeated because it did not give plaintiff conditional credit when he offered the Person check for deposit. It gave him credit for the amount of the Citizens Bank draft, and, when the draft was dishonored, it had a right to charge it back and deliver it to him. There is nothing in Security Bank v. N. W. Fuel Co. 58, Minn. 141, 59 N. W. 987, which forbids this conclusion. The relation of debtor and creditor, created when a bank deposit is made, is not absolute; it may be affected by the circumstances under which the bank and the depositor did business; it is limited here by the notice in the pass book.

Other matters referred to in the assignments of error and briefs do not affect the result and need not be discussed.

Order affirmed.