## J. A. McENELLY v. AMERICAN NATIONAL BANK OF ST. PAUL AND ANOTHER.[1]

July 15, 1927.

No. 26,119.

**When bank is liable for arbitrary refusal to present check sent to it for collection.**

Where a bank, through an extended course of dealing, has become the agent of another bank for the collection of checks and other commercial paper forwarded to it, such bank cannot arbitrarily and without notice refuse to accept for collection a check forwarded to it in the usual course of business by the other bank, and is liable for the loss resulting from failure to present it for payment.

Banks and Banking, 7 C. J. p. 610 n. 16; p. 619 n. 98.
Evidence, 23 C. J. p. 59 n. 22.

Action in the district court for Pennington county to recover for failure to present a check for payment. The case was tried

[1]Reported in 214 N. W. 922.

before Grindeland, J., who made findings and directed a dismissal as to the defendant American National Bank and judgment against the defendant First & Peoples State Bank. The latter bank appealed from the judgment. Affirmed.

*Perl W. Mabey* and *H. O. Chommie,* for appellant.

*G. Halvorson,* for respondent.

TAYLOR, C.

A cashier's check for $352 was issued by the Farmers & Merchants State Bank of Thief River Falls to Peter Sabo on October 27, 1925, and was indorsed and delivered to plaintiff by Sabo the next day. Plaintiff deposited it in the Drovers State Bank of South St. Paul for collection and credit. The Drovers State Bank deposited it with other items in the American National Bank of St. Paul. The American National Bank sent it together with a number of other items by mail to the First & Peoples State Bank of Thief River Falls for collection and remittance. The First & Peoples State Bank received it on the afternoon of Saturday, October 31, and on Monday, November 2, returned it to the American National Bank with a notation to the effect that they did not care to handle it. The American National Bank received it on November 3 and returned it to the Drovers State Bank, which received it on November 4 and immediately sent it to the First National Bank of St. Paul, and that bank on the same day, November 4, sent it to the First National Bank of Thief River Falls, where it arrived on November 5. The Farmers & Merchants State Bank, which issued the check, closed on November 5, 1925, and by reason of the delay resulting from the action of the First & Peoples State Bank in returning the check it could not be collected.

The trial court rendered judgment for the amount of the check against the First & Peoples State Bank, but dismissed the action as against the American National Bank. The First & Peoples State Bank appealed from the judgment and will be designated as defendant hereinafter.

There are three banks at Thief River Falls. They had agreed that all checks received should be "cleared" as between themselves

shortly after 12 o'clock of each business day; and that the balance, if less than $100, should be paid in cash, and if more than $100, should be paid by a draft on a twin city bank. Defendant suspected that the Farmers & Merchants Bank might be in financial difficulties, and when the check in question arrived was unwilling to take a draft issued by that bank, but was also unwilling to demand the cash contrary to the mutual agreement and for that reason returned the check. Defendant had acted for several months as the agent of the American National Bank in making collections at Thief River Falls, and had handled all such collections previously sent to it, and also accepted and handled the items, not against the Farmers & Merchants Bank, which were sent in the same letter with this check.

Defendant insists that it had the right to refuse to receive the check for collection and incurred no liability by returning it, but admits that it has found no authority to that effect or specifically deciding that precise question.

Defendant cites authorities to the effect that an agency cannot be created without the consent of the agent, and argues that when it received this check by mail it had the right to refuse to become the agent of the forwarding bank for the purpose of collecting it. Plaintiff, on the other hand, cites authorities to the effect that a bank receiving a check for collection is bound to present it for payment and, if not paid, to take any further steps necessary to preserve the rights of the holder. The authorities to this effect are innumerable. This court has stated the rule substantially as it is stated by other courts. Fort Dearborn Nat. Bank v. Security Bank, 87 Minn. 81, 91 N. W. 257; Hommerberg v. State Bank of Slayton, 170 Minn. 15, 212 N. W. 16. We have not been cited to any case holding specifically either that a bank is required to accept for collection checks sent it for that purpose or that it may refuse to accept them. However, banks make the handling and collection of such paper a part of their business, and the great body of authority implies that the established custom of banks in the matter of handling commercial paper imposes upon a bank to which a check

is sent for collection the duty to present it for payment and to take any other steps necessary to preserve the rights of the holder, unless notice has been given that it will not assume such duty in respect to the paper in question.

It is common knowledge that banks hold themselves out to the public as agencies for the collection of drafts, checks, and other commercial paper, and that such paper is ordinarily collected through such agencies. In the present case, the defendant had been acting as the agent and representative of the American National Bank in making collections at Thief River Falls for a considerable time, and had accepted without question all items theretofore sent to it. Of course defendant had the right to terminate its relations with the American National Bank or to decline to accept paper against the Farmers & Merchants Bank on giving proper notice of its intention to do so. But where, as here, defendant had engaged in a course of dealing with another bank in which it received and handled all commercial paper sent to it by such bank, it could not arbitrarily and without notice refuse to receive or handle a particular item sent to it in the usual course of business by the other bank, whatever right it may have to reject proffered collections under other circumstances. Under the circumstances here disclosed it was clearly the duty of defendant to present the check for payment, and it is liable for the loss resulting from its failure to do so.

Judgment affirmed.