## SAM ROSENBERG v. NORTHWESTERN NATIONAL BANK.[1]

April 11, 1930.

No. 27,772.

[1]Reported in 230 N. W. 280.

*Koon, Whelan & Hempstead* and *Charles H. Davis,* for appellant.
*Bessesen & Bessesen,* for respondent.

HILTON, J.

Defendant appeals from a judgment.

On November 3, 1917, plaintiff employed defendant, a national bank, as his agent to purchase 2,000 Russian rubles and to remit the same to plaintiff's wife at a designated address in Russia. Plaintiff delivered to defendant $295.75 to be used in said purchase and remittance. Defendant employed the Irving Park National Bank of New York City, a responsible concern engaged in the transmission of foreign currency to foreign countries, as an agent to effect the purchase and remittance of said rubles. Shortly thereafter the New York bank informed defendant that said rubles had been advised abroad. They were never received by or delivered to plaintiff's wife. Defendant exercised due care in the selection of the bank in question as an agent to effect the purpose stated. Plaintiff, on July 1, 1928, demanded the return to him of the sum of $295.75, which demand was refused and his action commenced. The foregoing is in substance the findings of the trial court (the case being tried without a jury) ; the findings have ample support in the evidence.

The court at first as a conclusion of law found that defendant was entitled to judgment that plaintiff take nothing by his action and that defendant recover its costs and disbursements. Judgment was ordered accordingly. Upon application of plaintiff for amended findings of fact and conclusions of law, the court ordered that the conclusions theretofore made be stricken out and that there be substituted in place thereof a conclusion that plaintiff was entitled to judgment against defendant for $295.75 and interest, and ordered judgment accordingly. From the judgment so entered this appeal

was taken. With each of said determinations of the court a comprehensive memorandum was filed.

In considering the case the trial court called attention to the rule established in Streissguth v. National German-Am. Bank, 43 Minn. 50, 44 N. W. 797, 7 L. R. A. 363, 19 A. S. R. 213, followed in Hommerberg v. State Bank, 170 Minn. 15, 212 N. W. 16 (placing liability on a bank for the negligence of an agent to which it had sent items for collection) ; and to L. 1927, p. 214, c. 138 (relieving from such liability if due care was used in selecting the agent). It is to be noted that the two cases cited do not cover, in terms at least, the situation here.

One of the defenses interposed was that the statute of limitations had run against the claim; also that if a recovery be had it would not be the amount paid to the defendant but only the value of the rubles upon the nonperformance of the contract. Plaintiff in opposing the claim of the running of the statute of limitations asserted that certain acts of the bank had tolled the same. Other points not necessary for our consideration were asserted. While a consideration of these matters might prove interesting, there is no necessity therefor.

The relation of principal and agent existed between plaintiff and defendant; not that of creditor and debtor. Defendant did not agree to deliver the rubles to plaintiff's wife. The word "remittance" used in the receipt given to plaintiff does not involve the idea of delivery. Katcher v. American Exp. Co. 94 N. J. L. 165, 109 A. 741; Scheibe v. Zaro, 199 App. Div. 807, 192 N. Y. S. 433. Plaintiff knew that defendant did not have the rubles on hand; that it was not its purpose to purchase and directly remit or transmit them itself; that it would be necessary to secure someone else to attend thereto. The usual and ordinary course adopted in such matters was followed. Plaintiff testified that one reason for having the bank attend to the business was that the bank represented that it had the best "connections in the world." In this case plaintiff as principal employed defendant as his agent to perform the services desired. Defendant employed the New York bank, a responsible

concern, as his (plaintiff's) subagent. Defendant was not liable for the negligence, if any, of such subagent. The facts in this case bring it within the following rule stated in Semingson v. Stock Yards Nat. Bank, 162 Minn. 424, 427, 203 N. W. 412, 413:

"If an agent employs a subagent for his principal, by authority of the principal, express or implied, the subagent is the agent of the principal. In such a case the agent is not liable for the negligence of the subagent, unless he failed to use due care in the selection of the subagent." See also Nicolletti v. Bank of Los Banos, 190 Cal. 637, 214 P. 51, 27 A. L. R. 1479; Weiss v. Liberty Tr. & Sav. Bank, 227 Ill. App. 405; Spira v. Eisen, 15 Ohio App. 511.

The case is remanded with instructions to enter judgment in favor of defendant.

Reversed and remanded.

WILSON, C. J. and HOLT, J. took no part.

